[Civil No. 175.　Filed January 17, 1887.]

[S. C. 12 Pac. 686.]

## J. T. SIMMS, Plaintiff and Respondent, v. J. H. HAMPSON et al., Defendants and Appellants.

1. CONTRACTS—SUBLETTING OF RAILROAD CONTRACT—INCORPORATION OF ORIGINAL CONTRACT INTO SECOND CONTRACT EXCEPT AS TO CONFLICTS —INTERPRETATION.—Defendants had contracted with one Underwood for the construction of a railroad, and had sublet certain construction work to plaintiff agreeing to pay him for the work done in any one calendar month on or before the fifteenth or twentieth of the following month. Plaintiff agreed to be bound by the provisions of the contract of defendants with Underwood, and that all estimates done or claimed by him should be made by engineers in accordance with the original contract, which was incorporated, except as to conflicts. Under the contract the plaintiff is not obligated to secure certificate from Underwood's engineers, he not being in privity of contract with Underwood. It was for the defendants to obtain such estimates and on the twentieth of each month there was due plaintiff the amount for the work done during the preceding month and he then had a right of action therefor

INTEREST—COMP. LAWS ARIZ. 1887, p. 574, par. 3450, CONSTRUED—CONTRACT FOR CONSTRUCTION OF RAILROAD "INSTRUMENT IN WRITING" AND BEARS INTEREST UNDER STATUTE.—Contract between plaintiff

and defendants for construction of railroad is an instrument in writing within meaning of statute, *supra,* and bears interest.

ACCORD AND SATISFACTION.—Where defendants deposited a sum in the bank to be placed to plaintiff's credit when he had given a receipt in full, and the bank passes it to the plaintiff's credit and explains the circumstances and demands from him a receipt in full which he refuses to give, the mere fact of plaintiff withdrawing the money under the circumstances does not constitute a release.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Affirmed.

The facts are stated in the opinion.

E. M. Sanford, and Neill B. Field, for Appellants.

This action is substantially one for interest on deferred payments after the plaintiff had accepted payment at the contract price, or what was believed by both parties to be the contract price of the work and labor done and performed by the plaintiff.

"Where there is a stipulation for interest, it may be recovered even after the principal debt has been paid, but it is otherwise where the interest is recoverable merely as damage, or as incident to the debt." Chitty on Contracts, 7 Am. Ed., page 647, note 2, citing *Fake* v. *Eddy,* 15 Wend. 76; *Gillespie* v. *Mayor of N. Y.,* 3 Edw. 512; *Stone* v. *Bennett,* 8 Mo. 41.

In the absence of a stipulation to pay interest, the law does not make a party liable for interest until he is in default for not paying the principal. *Gay* v. *Gardner,* 54 Maine, 477.

Where interest is recoverable only as damages, for the nonpayment of money when due, the receipt of the principal by the creditor is a bar to any claim for interest. *Zacot* v. *Emmett,* 11 Paige, 142; *Tenth Nat. Bank* v. *Mayor etc.,* 4 Hun. 429; *Am. Bible Society* v. *Wells,* 68 Maine, 572, 28 Am. Rep. 82; *Hayes* v. *Chicago etc. R. R. Co.,* 64 Iowa, 573, 19 N. W. 245; *Howe* v. *Bradley,* 19 Maine, 31; *Succession of Anderson,* 12 Ls. Ann. 95; *Comparet* v. *Ewing,* 8 Blackf. (Ind.) 328; *Potomac* v. *Union Bank,* 3 Cranch. C. C. 101, Fed Cas. 11,318;

*Robins etc. Co.* v. *Brewer,* 46 Maine, 481; *Johnson* v. *Braman,* 5 Johns. 268.

This is an action for an unliquidated demand for work and labor, where interest is never allowable except upon an agreement to pay it, expressed or implied. *Reed* v. *Rens. Glass Factory,* 3 Cow. 393; *Crosby* v. *Otis,* 32 Maine, 256; *Loitard* v. *Graves,* 3 Caines. (N. Y.), 225; *Miller* v. *Griswold,* 6 Johns. (N. Y.) 45; *Kane* v. *Smith,* 12 Johns. 156; *Walden* v. *Sherburn,* 15 Johns. 425; *Van Buren* v. *Van Grosbeck,* 4 Cow. 496; *Tucker* v. *Ives,* 6 Cow. 193; *Doyle* v. *St. John's Church,* 7 Wend. 178; *Tillotson* v. *Preston,* 3 Johns. 229; *Moore* v. *Fuller,* 2 Johns. 205; *Robins Co.* v. *Brewer,* 48 Maine, 481; *Southgate* v. *A. & P. R. R. Co.,* 61 Mo. 89.

Interest is not allowable on this claim because of the provisions of Compiled Laws, 1877, page 574, sec. 3450. This is not an action for money due on any bond, bill or promissory note, nor is it for money due on any other instrument of writing within the meaning of this section. It is a familiar rule of construction that where general words follow particular words, the former are construed as applicable to the things or persons particularly mentioned. Under this rule, the words of this section "other instruments of writing" must be held to mean other instruments of writing *ejusdem generis* with bonds, bills and promissory notes. Sedgwick on Constitutional Law, page 360, and notes. The remainder of the section is a statutory limitation on the power of the courts of this territory to allow interest. Under this section they may allow interest from the day on which the balance is ascertained. *Expressio unius est exclusio alterius.* There was no ascertained balance at any time before the institution of this suit and therefore the appellee could not recover interest.

Rush & Wells, for Respondents.

A permission of the performance of a contract is a waiver of the condition precedent. *Loup* v. *California etc. R. R. Co.,* 63 Cal. 102; *Blethen* v. *Blake,* 44 Cal. 120; *Downey* v. *O'Donnell,* 92 Ill. 563.

Every material allegation of the complaint, not specifically

controverted by the answer, shall, for the purposes of the action, be taken as true. Secs. 2482 and 2501, Compiled Laws of Arizona.

When interest is not specified in a contract, but is annexed as an incident by statute, it is allowed as damages for the refusal or failure to pay the debt. *Dunne* v. *Mastick,* 50 Cal. 247; *White* v. *Lyon,* 42 Cal. 284; *Howe Ins. Co. of Texas* v. *Myers,* 93 Ill. 277.

It is a familiar rule of the law of damages (in the absence of express statute providing a different rule) that upon a breach of a contract for the payment of money, the measure of damages shall be the legal interest on the sum due to the plaintiff from the date of the breach. *McLane* v. *Abrams,* 2 Nev. 204; *Kohler* v. *Smith,* 2 Cal. 597, 56 Am. Dec. 369; *Williams* v. *Sherman,* 7 Wend. 109; *Dodge* v. *Perkins,* 9 Pick. 384; *Van Rennsselaer* v. *Jewett,* 2 N. Y. 135, 51 Am. Dec. 278, notes; *Selleck* v. *French,* 1 Conn. 32, 6 Am. Dec. 185. Interest shall be allowed upon all moneys after they become due on any bond, bill, promissory note, or other instrument of writing. Sec. 3450, Compiled Laws.

BARNES, J. This is a suit by Simms, plaintiff, against defendants, Hampson and Garland, for a balance he claims to be due for work, labor, and material furnished on a contract. Defendants had contracted with one Underwood for the construction of a railroad from Lordsburg to Clifton, according to the ordinary terms of a railway contract, and they sublet the construction of three tunnels, on the line, to plaintiff, agreeing to pay him 5 per cent. less than their contract price for the work with Underwood. Simms undertook to excavate said tunnels, of the "size, character, and length required by the engineer of the railway company under the original contract," and defendants undertook "to pay for the work done in any one calendar month, on or before the fifteenth or twentieth of each calendar month following, less 10 per cent. thereof; which shall be retained until the completion of the work," subject to all instructions by the engineers of the railway company; and he agreed to be bound by the provisions of the contract of defendants with Underwood, and that all estimates of work done or claimed by him should be made

by the engineers, by virtue of said original contract, which was therein referred to and made part thereof, and the stipulations therein made stipulations between Simms and defendants except so far as they conflict. The original contract provided for monthly payments for work done, less 15 per cent., on the certificate of the said engineers. There is a material difference in these two contracts as to time of payment. In the first Underwood undertook to pay monthly for the work done, on' the certificates of his engineers. In plaintiff's contract with defendants the latter contracted to pay for the work done in a calendar month, on or before the fifteenth or twentieth of the next month. The meaning of these contracts is clear. Defendants could demand payment from Underwood at the end of each month on the certificate of the engineers. In their contract with Simms they contract to pay him 15 or 20 days later, with the evident purpose of giving them time to get said certificates, and inspect the work and verify the same.

It is contended that these contracts are to be construed to mean that Simms was to be paid after the middle of the month, tion for work done in the preceding month, only on presentation of the certificate of Underwood's engineers of the amount of work he had done. We do not think the contract can bear that construction. Defendants had agreed to monthly estimates and payments to them by Underwood, on the certificate of the engineers, and they also agreed to pay Simms the fifteenth or twentieth of the month for work he had done. This gave them 15 or 20 days after they could put Underwood in default before they were to be called on by Simms, and the terms were made evidently for that purpose. It is a stretch of construction to hold that Simms, before he could put defendants in default, should get the certificate of the engineers of the other party to the original contract, and with whom he had no contract, and upon whom he could not call for estimates, and by doing so put them in default. There was no privity of contract between Simms and Underwood. Defendants, on the other hand, could demand of Underwood that his engineers estimate the work, and certify the same, and, in default thereof, demand payment for the work done. The

contract by defendants with Simms was that they would pay him, on the fifteenth or twentieth of each month, for work he had done in the preceding month, and it was for them to secure the certificate of work done. On the twentieth day of each month, therefore, there was due Simms the amount of work done by him in the preceding month, at the contract price, less 15 per cent. He then had a right of action therefor.

The statute (Comp. Laws, § 3450) provides that "interest shall be allowed  *  *  *  on all moneys after they become due on any bond, bill, promissory note, other instrument in writing." It is insisted that the contract beween plaintiff and defendant is not an ";instrument in writing" contemplated by statute. It was held, under a similar statute, that a written contract for the construction of a building was an "instrument in writing," and that interest should be allowed from the time payments became due. *Downey* v. *O'Donnell*, 92 Ill. 559. A plain reading of the words of the statute leads to no other construction.

The evidence shows that estimates of the work done in each month were made by the engineers, and certified and their correctness has never been called in question by defendants, and there is evidence that they knew of them at the time. They certainly might have known, and the law in this case must presume that they knew of them until the contrary appears. They made payments, from time to time, based upon them, and Underwood had contracted to furnish them to defendants.

The only other question in the case is as to whether there was an accord and satisfaction of the indebtedness. On this point there is a flat conflict in the evidence between plaintiff and one of the witnesses; but, as the jury found for plaintiff, we must assume the facts to be as plaintiff testifies. It appears that on April 7, 1884, one of the defendants deposited $12,-815.65 in a bank, to be placed to the credit of plaintiff. Plaintiff was absent at the time, and knew nothing of it. On that date one of the defendants wrote Simms: "I have this day deposited to your credit $12,815.65, being full amount due for work, .etc. Please send receipt in full." It does not ap-

pear that Simms received this letter before he received that sum. As a postscript to the letter directing the bank to credit Simms, defendants wrote: "Don't place this to credit unless he sends receipt in full." Bank did place the amount to Simms' credit. When Simms returned, he asked the bank for a statement of the account, and saw his credit. The cashier then told him defendants required a receipt in full. This he declined to give, saying they owed him more, which he insisted upon. He then drew out his balance. We do not think this to be a satisfaction of the debt. The bank, for the purposes of this transaction, was the agent of defendants and we must treat what occurred as though Simms had been dealing with them. The money had already gone to his credit, and they asked for a receipt in full, which he refused to give, saying they owed him more. Then he was permitted to draw out the money. Simms expressly refused to satisfy the debt, and we do not think his drawing out the money under the circumstances a release.

This disposes of all the questions in the case of sufficient importance to require our attention.

The judgment is affirmed.