THE NATIONAL CONTRACTING COMPANY, Respondent, v. HUD-
SON RIVER WATER POWER COMPANY, Appellant.

PLEADING — DEMURRER — SUFFICIENCY OF DEFENSE OF PLAINTIFF'S NON-COMPLIANCE WITH CONDITION PRECEDENT.  A clause in a contract which provides that all questions that might arise under the contract and the amount of the work to be paid for thereunder should be determined by the engineers having charge of the work, and that such engineers should decide all questions which might arise relative to the fulfillment of the contract on the part of the contractor, and that the findings, estimates and decisions of such engineers should be final and conclusive, is not a general arbitration clause attempting to oust the courts of jurisdiction, but is within the rule that parties may covenant that no right of action may accrue until a third person has performed specific acts or determined certain differences between them; and where in an action brought by the contractor for alleged breaches of such contract, the answer interposes a defense setting up such clause and alleging that the contractor "has neither obtained nor requested any finding, estimate or decision of the engineers aforesaid, or either of them, nor requested defendant to obtain the same or to submit any of the matters in question to them," in the absence from the record of the other provisions of the contract, such defense must be construed liberally under section 519 of the Code of Civil Procedure and held to simply plead plaintiff's non-compliance with an essential condition precedent, and a demurrer to such a defense upon the ground that it is "insufficient in law upon the face thereof" is not well taken.

*Nat. Contracting Co.* v. *Hudson River W. P. Co.*, 67 App. Div. 620, reversed.

(Argued March 25, 1902; decided April 8, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, made December 6, 1901, which affirmed an interlocutory judgment entered upon a decision of the court on trial at Special Term sustaining a demurrer to the third defense set up in the answer on the ground that the same "is insufficient in law upon the face thereof."

The following is the question certified: "Is the third answer and defense set up in defendant's answer to the amended complaint herein insufficient in law upon the face thereof?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Richard L. Hand* and *Augustus N. Hand* for appellant. The new matter set up in the third defense of the answer constitutes a good defense to the amended complaint. ( *Whiteman* v. *Mayor, etc.*, 21 Hun, 117; *Sweet* v. *Morrison*, 116 N. Y. 19; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 543; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250; *Hurst* v. *Litchfield*, 39 N. Y. 377; *Smith* v. *Brady*, 17 N. Y. 177; *McMahon* v. *R. R. Co.*, 20 N. Y. 463; *Seward* v. *City of Rochester*, 109 N. Y. 164; *Spink* v. *Ins. Co.*, 25 App. Div. 484.) The third defense is sufficient in law because it contains a denial of material allegations of the amended complaint. (*Smith* v. *Briggs*, 3 Den. 73; *Smith* v. *Brady*, 17 N. Y. 173; *Sweet* v. *Morrison*, 116 N. Y. 19; *Byron* v. *Low*, 109 N. Y. 291; *Douglass* v. *P. Ins. Co.*, 138 N. Y. 216; *Valentine* v. *Lunt*, 51 Hun, 547; *Fletcher* v. *Jones*, 64 Hun, 274; *Wiley* v. *Village*, 86 Hun, 495; *State* v. *McChesney*, 87 Hun, 293; *Stieffel* v. *Tolhurst*, 55 App. Div. 532.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondent. The third defense set up in the answer is wholly insufficient in law upon the face thereof, because the stipulation to refer all disputes and litigation to the engineers for settlement and decision is one ousting the court of jurisdiction and is void by public policy. (*Haggart* v. *Morgan*, 5 N. Y. 422; *President D. & H. C. Co.* v. *Penn. Coal Co.*, 50 N. Y. 250; *Seward* v.

*City of Rochester*, 109 N. Y. 169; *Van Note* v. *Cook*, 55 App. Div. 55; *Keefe* v. *N. A. Society*, 4 App. Div. 392.) Even if the clause in question were not void by public policy, there is no allegation that the defendant had called the arbitration into action by making a demand upon the plaintiff therefor, and in the absence of such an allegation no defense based thereon is valid. (*Smith* v. *Alker*, 102 N. Y. 87; *Van Note* v. *Cook*, 55 App. Div. 55.)

WERNER, J.   The action is brought by the plaintiff to recover damages for alleged breaches of a contract entered into between the plaintiff and the defendant for the building of a dam across the Hudson river in the townships of Moreau and Luzerne in the counties of Saratoga and Warren, New York, at a point about five miles below Palmer's Falls. Plaintiff's right of action is predicated (1) upon the alleged failure of the defendant to make payments as provided for by the terms of the contract; (2) upon defendant's interference with and prevention of the plaintiff's right to build a dam of masonry as required by the terms of the contract; and (3) upon insisting on the substitution of a dam of earth and masonry instead of one composed of masonry alone, as provided in said contract.   The answer sets up three affirmative defenses.   The only one with which we are concerned upon this appeal is the third defense contained in the third paragraph of the answer, which alleges that by the terms of said contract it was, among other things, expressly provided and agreed as follows : " To prevent all disputes and litigations it is further agreed by and between the parties to this contract that the engineer, William Barclay Parsons, or H. de B. Parsons, or their successors, either or both of them, shall be referee in all cases to determine all questions that may in any way arise under this contract and the amount or the quantity of the work which is to be paid for under this contract, and to decide all questions which may arise relative to the fulfillment of this contract on the part of the contractor, and the findings, estimates and decisions of said engineers, or either

of them, shall be final and conclusive." Said defense further states "that the plaintiff has neither obtained nor requested any finding, estimate or decision of the engineers aforesaid, or either of them, nor has it requested this defendant to obtain the same or to submit any of the matters in question to them."

This is the defense to which the plaintiff demurs on the ground of insufficiency. The question presented by this demurrer is whether the clause in the contract above referred to, comes within the rule which nullifies contracts ousting the courts of their jurisdiction, or within another and equally well-established rule, that parties may covenant that no right of action shall accrue until a third person has performed specific acts or determined certain differences between them. The line of demarcation between the two classes of cases is clear and distinct. The difficulty, if any, lies in the application of particular facts to a clearly defined rule. In *Seward* v. *City of Rochester* (109 N. Y. 168) this rule was stated in the following language : " The distinction between executory agreements of arbitration which oust a court of jurisdiction and, therefore, are rejected as a bar, and those which are sustained as the sole remedy between the parties, is carefully drawn and fully discussed in *Delaware & Hudson Canal Co.* v. *Pa. Coal Co.* (50 N. Y. 250)." In one class it is said " the parties undertake by an independent covenant or agreement to provide for an adjustment or settlement of all disputes and differences by arbitration to the exclusion of courts ; and in the other they merely, by the same agreement which creates the liability and gives the right, qualify the right, by providing that before a right of action shall accrue certain facts shall be determined or amounts or values ascertained, and this is made a condition precedent either in terms or by necessary implication." The reasons for the rule thus clearly stated are fully set forth in *Delaware & Hudson Canal Co.* v. *Pa. Coal Co. (supra)* and need not be further adverted to here.

To which of these two clases does the agreement before us belong ? We think it may be properly placed in the second class. Its language is somewhat ambiguous and does

not so clearly set forth the agreement of the parties as to enable any court to assert without hesitation that it belongs in the one class rather than the other. Indeed, this is one of the reasons why we think we should not arbitrarily hold that it is insufficient as a defense. This reason, sufficient in itself, is supplemented by the consideration that the rest of the contract is not in the record. It may contain other provisions which would render the one incorporated in the third defense entirely clear, or at least reasonably free from doubt. In the absence of the light which might be derived from the other provisions of the contract we must take the language of the clause which we are called upon to construe and apply to it the liberal rules of construction and of pleading which the defendant has the right to invoke in support of this defense. The allegations of a pleading must be liberally construed with a view to substantial justice between the parties. (Section 519, Code Civ. Pro.) Applying this rule to the case at bar it is obvious that if the language of the contract which confers upon the engineers the power "to determine all the questions that may in any way arise under this contract," were not qualified by what follows, the contract would clearly come within the rule laid down in *Haggart* v. *Morgan* (5 N. Y. 422); *Seward* v. *City of Rochester* (*supra*) and other cases relied upon by the respondent, and the pleading would then be clearly insufficient in law to constitute a defense. But when we consider the language of the contract above quoted in connection with these qualifying words, to wit, "and the amount or the quantity of the work which is to be paid for under this contract, and to decide all questions which may arise relative to the fulfillment of this contract on the part of the contractor," it is not so apparent that the agreement is one which offends against the rule above referred to. We think this qualifying language fairly brings the third defense within the doctrine of *McMahon* v. *N. Y. & E. R. R. Co.* (20 N. Y. 463); *Sweet* v. *Morrison* (116 N. Y. 19); *O'Brien* v. *Mayor, etc., of N. Y.* (139 N. Y. 543), and kindred cases in which it has been held that such provisions create conditions

which must be complied with before a cause of action arises under the general agreement. If, then, the "third" defense simply pleads plaintiff's non-compliance with an essential condition precedent, it cannot be said to be insufficient. As has been stated, the fact that we have not the whole agreement before us renders it difficult, if not impossible, to accurately construe the precise meaning of this clause of the contract and, in view of the favorable inferences to which the defendant is entitled in testing the sufficiency of his pleading, we are constrained to hold that the demurrer to this defense was not well taken.

The certified question is, therefore, answered in the negative, and the order of the Appellate Division and interlocutory judgment of the Supreme Court should be reversed, with costs in all courts.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and CULLEN, JJ., concur.

Ordered accordingly.