THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Respondent, *v.* THE ERIE RAILROAD COMPANY, Appellant, Impleaded with Another.

APPEAL — INTERMEDIATE ORDERS. Section 1301 of the Code of Civil Procedure relates to all appeals provided for in chapter 12 and authorizes the review by the Court of Appeals of those intermediate orders which are specified in the notice of appeal.

*N. Y., L. & W. Ry. Co.* v. *Erie R. R. Co.*, 67 App. Div. 625, affirmed.

(Argued March 24, 1902; decided April 8, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made December 10, 1901, which affirmed an order of Special Term modifying and as modified confirming the report of commissioners appointed in a proceeding to obtain a crossing of the defendant company's railroad.

The facts, so far as material, are stated in the opinion.

*William L. Marcy* and *Adelbert Moot* for appellant.

*John G. Milburn* for respondent. The order of the Appellate Division directing the appointment of commissioners herein, and the order of that court affirming the order of the Special Term appointing commissioners pursuant to such direction, are not reviewable by this court. (Code Civ. Pro. §§ 190, 1316, 1317, 1350, 1358; *Matter of Comrs. of Central Park*, 50 N. Y. 493.)

*Per Curiam.* The proceeding was instituted by petition of the respondent to obtain a crossing of the Erie Railroad Company at Bath, in the state of New York, for a proposed track of the petitioner, to connect its railroad with the railroad of the Bath and Hammondsport Railroad Company. The proceeding was opposed by the Erie Railroad Company, which served with its answer to the petition preliminary objections to the granting of the application based upon the provisions of the Railroad Law. Appeals to this court by the Erie Railroad Company, arising upon orders below, which determined favorably the right of the petitioner to the appointment of commissioners, and which appointed the commissioners, were dismissed in this court upon the ground that they were not final orders. The present appeal is from an order of the Appellate Division which affirmed the final order confirming the report of the commissioners, and the notice of appeal specifies the intermediate orders which the appellant intends to bring up for review. The point is made by the respondent that these intermediate orders cannot be so brought up for our review, and that our review is con-

fined to such questions of law as have arisen upon the proceedings of the commissioners. As matter of fact, upon those proceedings the appellant has renewed all of its previous objections, by way of motions, made at the beginning of the hearing, at the close of the petitioner's case and at the close of the whole case, for the dismissal of the petition and of the proceedings. That course was not necessary, however; for section 1301 of the Code of Civil Procedure relates to all appeals provided for in chapter XII and authorizes the review by this court of those intermediate orders which are specified in the notice of appeal. Indeed, in *Whitmore* v. *Village of Tarrytown* (137 N. Y. 409), which was a special proceeding to appraise the damages caused by the change of the grade in a street, the practice of reviewing intermediate orders, specified in the notice of appeal from the final order, or judgment, is approved and justified under the authority of section 1316 of the Code. It is clear that the intention of the legislature has always been to assimilate appeals in special proceedings to appeals from judgments in actions. (*Matter of Anderson*, 60 N. Y. 457, 463.)

We think the order appealed from should be affirmed, with costs, for the reasons which are stated in the opinion of the Appellate Division, rendered upon the appeal from a judgment, which reversed a judgment dismissing the petition and granted leave to the petitioner to apply for the appointment of commissioners.

Parker, Ch. J., Gray, O'Brien, Bartlett, Haight, Cullen and Werner, JJ., concur.

Order affirmed.