MILLS POWER CO. v. MOHAWK HYDRO–ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. March 23, 1911.)

1. PLEADING (§§ 214, 221*)—DEMURRER—EFFECT OF NOT WITHDRAWING.
    Where a separate defense in the answer went to the entire cause of action set up in the complaint by not withdrawing its demurrer thereto, plaintiff admitted all the facts set forth therein, and the effect of overruling the demurrer, thus adjudging the defense good, was not changed by the court's statement that he could not determine whether the defense was good or bad without a knowledge of the circumstances.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534, 567; Dec. Dig. §§ 214, 221.*]

2. PLEADING (§ 213*)—DEMURRER—NATURE OF.
    When a demurrer is interposed to a pleading, an issue of law is presented, and it must be decided either by overruling or sustaining the demurrer.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 485; Dec. Dig. § 213.*]

    Kellogg and Betts, JJ., dissenting.

Appeal from Special Term and Trial Term, Fulton County.

Action by the Mills Power Company against the Mohawk Hydro-Electric Company. From an interlocutory judgment overruling a demurrer to the answer and from a final judgment dismissing the complaint, plaintiff appeals. Reversed and demurrer sustained, with leave to amend the answer.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

M. H. Nellis, for appellant.
Hugo Kohlman, for respondent.

HOUGHTON, J. The defendant by its answer set up a separate and distinct defense. The plaintiff demurred to this defense on the ground that the facts stated were insufficient in law to constitute a defense. The issue of law thus joined came on for trial, and the court rendered an interlocutory judgment overruling the demurrer. The plaintiff did not withdraw its demurrer or ask to do so, but proceeded to trial of the action with the demurrer still standing. The trial court held that inasmuch as the demurrer had not been withdrawn, and the court had held the answer a complete one to plaintiff's cause of action, he could do nothing else than dismiss the complaint, which he did. In this he was entirely correct. [1] The separate de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fense went to the entire cause of action set forth in plaintiff's complaint, and by not withdrawing its demurrer thereto the plaintiff admitted all the facts set forth therein.   National Contracting Company v. Hudson River Water Power Co., 110 App. Div. 133, 97 N. Y. Supp. 92.   The effect of the overruling of the demurrer and thus adjudging the defense to be a good one was not changed by the statement of the learned trial court in his decision that the court could not determine whether the defense was good or bad without a knowledge of the circumstances surrounding the giving of the deed and the granting of the easement relied upon as a defense.   [2] When a demurrer is interposed to a pleading, an issue of law is presented, and it must be decided either by overruling or sustaining the demurrer.   A pleading demurred to is either good or bad as it stands.

The case of National Contracting Company v. Hudson River Water Power Company, 170 N. Y. 439, 63 N. E. 450, and 192 N. Y. 209, 84 N. E. 965, is not authority to the contrary.   On the first appeal in that case the demurrer to the separate defense was held to have been properly overruled.   On the trial of the case however, the facts developed showed that the defense, although good on its face, was not effectual, and could not be invoked by the defendant.   It was urged upon the court on the last appeal that, it having once said the defense was good, it must stand by that decision and call it good notwithstanding the facts showed it unavailable to the defendant.   This contention was, of course, repudiated.   The court explained that, although the defense was good on its face, it was not good in view of the facts developed.   It often happens that pleadings good on their face are insufficient in the light of proven facts.

In the present case, however, the plaintiff has appealed from the final judgment dismissing its complaint, and has brought up for review the interlocutory judgment overruling its demurrer.   We are thus called upon to decide whether the demurrer to the separate defense was properly overruled.   The court, although differing as to the practice, is unanimous in the opinion that the defense is not a good one.   The defense not being good, the demurrer to it should have been sustained.   This therefore calls for a reversal of the interlocutory judgment, and with it falls the final judgment which was founded upon it.

The final and interlocutory judgments should be reversed without costs, and the demurrer sustained, with costs, with leave to the defendant to amend its answer upon paying such costs within 30 days. All concur, except KELLOGG and BETTS, JJ., who dissent.

JOHN M. KELLOGG, J. (dissenting).   The interlocutory judgment adjudges that the court upon the papers cannot determine whether the answer constituted a defense or not, that all the facts and circumstances provable under the pleadings should be placed before the court to aid it in the construction of the deed, and it continued:

"The demurrer is therefore overruled, leaving the question as to whether or not a sufficient defense is set forth in the particular part of the answer demurred to to the trial court upon the trial of all the issues under the pleadings, the costs on the trial of this issue of law to abide the event."

That was not an improper determination of the demurrer. Straus v. American Publishing Co., 103 App. Div. 277, 92 N. Y. Supp. 1052; National Contracting Co. v. Hudson R. W. P. Co., 170 N. Y. 439, 63 N. E. 450; Id., 192 N. Y. 209, 84 N. E. 965.

In the latter case the demurrer to an affirmative answer was over-ruled. The Court of Appeals in 170 N. Y. 439, 63 N. E. 450, af-firmed the interlocutory judgment upon the ground that it was not clear from the parts of the contract alleged that the answer was bad. The case then went to trial upon the facts, and the trial court, con-sidering that it was constrained by the interlocutory judgment to hold that the facts alleged in the answer constituted a defense, gave judg-ment for the defendant. The Court of Appeals, in 192 N. Y. 209, 84 N. E. 965, reversed the judgment, holding that the decision of the demurrer was simply a failure to find that the answer was insufficient, but did not establish its sufficiency; the court saying at page 220 of 192 N. Y., at page 969 of 84 N. E.:

"It is obvious from a careful reading of the whole opinion that all the court intended to decide was that, tested merely by the face of the pleadings, it could not be said as matter of law that the defense pleaded was necessarily insufficient, but that that question should be left open till the trial of the ac-tion, when the clause pleaded would be interpreted in the light of the whole contract and of the conduct of the parties thereon."

The interlocutory judgment therefore, does not justify the final judgment which the court based upon it. The demurrer, if it still stands, only admits the issuable facts alleged in the answer, and most of the allegations of the answer are conclusions which are not admit-ted. The demurrer did not therefore admit the plaintiff out of court.

We need not consider whether or not the interlocutory judgment was a substantial withdrawal of the demurrer or the placing of the case before the court for trial upon the complaint and answer. The interlocutory judgment should therefore be affirmed, and the final judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

BETTS, J., concurs.