## Chipman v. Cook.

Opinion delivered November 30, 1925.

1.  RECEIVERS—LIABILITY.—A receiver is the ministerial officer of the court appointing him, and must obey its orders, and does not incur personal liability in so doing.

2.  RECEIVERS—LIABILITY.—A receiver incurs no personal liability in turning over money in his hands to one of the parties in obedience to the judgment of the court, though such judgment was afterwards reversed, where the judgment was not suspended by order of the court or by supersedeas bond, as the judgment was valid and binding until reversed or superseded.

Appeal from Union Chancery Court, First Division; J. Y. Stevens, Chancellor; reversed.

S. E. Gilliam, for appellant.

J. R. Wilson and E. W. McGough, for appellee.

HUMPHREYS, J.  A decree was obtained in the chancery court of Union County by Belle Cave against J. R. Cook on December 18, 1922, for $2,850, and for the return of the Elks Hotel, which the court prior thereto had placed in the hands of a receiver pending the result of litigation between said parties growing out of a lease of said property.  The decree also directed the receiver to pay Belle Cave all the receivership funds in his hands, after paying the receivership expenses and court costs, to be applied on her judgment.  On the day of the rendition of the judgment J. D. Cook prayed for an appeal to the Supreme Court, which was granted.  A stay of execution was not requested at the time until a supersedeas bond could be filed.  On the 22nd day of December, 1922, four days after the rendition of the judgment, the receiver returned the hotel property to Belle Cave and paid her $1,250 out of the receivership funds on her judgment, leaving a balance of $620.17 in his hands after paying the expenses of the receivership.  On the 2nd day of February, 1923, the receiver, E. D. Chipman, filed his final report showing these facts.  The receiver took credit in the report for $1,125 for his own services.  J. R. Cook filed an exception to this item of

credit in the report. The trial court heard the exception and allowed the receiver $1,000 for his services, after which he approved the report in all things. Both parties excepted to the amount of the allowance, and prayed an appeal to the Supreme Court, which was granted. J. R. Cook then requested, and was given ten days in which to file a supersedeas bond. The bond was filed on the 12th day of February, 1923, and within the time allowed in the order approving the receiver's report, and was the only supersedeas bond filed in the case. Belle Cave retained possession of said hotel about two months after the receiver turned it back to her before she sold same. During the two months she retained the possession thereof, she entered a credit on her judgment against Cook for $825, the rental value thereof under the original lease. She also entered a credit on her judgment for $1,250, which the receiver had paid her on the order of the trial court in the decree of December 18, 1922. J. R. Cook prosecuted his appeal from the original judgment and the order fixing the receiver's fee, and obtained a reversal thereof with directions to the trial court to render a decree in his favor against Belle Cave for the amount due and unpaid under the original lease, and a reduction of the allowance to the receiver for services to $500. *Cook* v. *Cave,* 163 Ark. 407. The trial court complied with the mandate of this court in these respects. When the mandate was filed with the trial court, J. R. Cook, the appellee herein, filed a petition seeking to recover a personal judgment against the receiver E. D. Chipman, and the bondsmen, John A. Cobb and T. W. Rives, for the sum of $1,250, which the receiver had paid to Belle Cave under the decree of December 18, 1922, and the sum of $825 as rent on the hotel for the time Belle Cave occupied same after he returned the possession thereof to her. It was alleged in the petition that the receiver should have retained the possession of the hotel, and collected the rents thereon during this period; also that the receiver exceeded his authority in paying the sum of $1,250 to Belle Cave after the prayer for an appeal from

the decree on December 18, 1922, had been granted by the trial court. Appellants admitted that appellee was entitled to recover from them the amount of the reduction of the receiver's fee of $625, and the cash balance of $620.17 of receivership funds in the receiver's hands as shown by the report. Upon a hearing of the petition the court entered a judgment against the receiver and his bondsmen, the appellants herein, for $1,250, in addition to the two items aforesaid. Appellants appeal from that portion of the decree adjudging them to pay appellee the $1,250 item, and appellee appeals from the refusal of the court to enter judgment in his favor against them for the rent item of $625.

It will be observed that the receiver turned the hotel property back to Belle Cave, and paid her the sum of $1,250 under a decree of court, which had not been suspended by an order of the court rendering it, or by the filing of a supersedeas bond. Strictly speaking, a receiver is a ministerial officer of the court appointing him. It is his duty to obey the orders of the court, and he incurs no personal liability in carrying out the court's instructions; otherwise he would be penalized for obedience. 23 R. C. L. 7-8 and 79-80; *How* v. *Jones,* 60 Ia. 70; *Willis* v. *Sharp,* 124 N. Y. 406; *Plat* v. *N. Y. R. Co.,* 170 N. Y. 450. The same rule governs, although the judgment or decree under which the receiver acted was afterwards reversed, as the judgment was valid until reversed, and was effective unless suspended by order of court or supersedeas bond. *Dodson* v. *Butler,* 101 Ark. 416; *Meeks* v. *State,* 80 Ark. 579. Under the rule thus announced the trial court was in error in rendering judgment against appellants for the restitution of $1,250. The receiver paid Belle Cave under the instructions of the court.

The decree is reversed in this particular, and the cause is remanded with directions to enter judgment in accordance with this opinion, and to adjudge the costs accruing after appellant's offer to pay against appellee.