(34 Misc. Rep. 588.)

### BERNASCHEFF v. ROETH et al.

(Supreme Court, Special Term, New York County. April, 1901.)

1. PLEADING—ANSWER—AFFIRMATIVE DEFENSE.
   An affirmative defense set up in an answer is to be treated as a separate plea, and defendant, on demurrer, is not entitled to the benefit of denials made in another part of the answer.

2. SAME—PARTIAL DEFENSE.
   Under Code, § 508, providing that a partial defense must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action set up therein, a separate defense setting up new matter, unless stated to be partial, must be considered a complete defense, and tested as such.

3. SAME—COUNTERCLAIM.
   Defendant in an action to foreclose a mechanic's lien set up a counterclaim alleging damages for poor work, and also injuries to the flagging

70 N.Y.S.—24

in the rear yard, caused by the negligence of plaintiff, to an amount less than the face of the lien. *Held*, that it was a partial defense so far as it related to the injury to property, and, where it was not so stated as required by Code, § 508, was bad' on demurrer.

Action by Joseph Bernascheff against Louis Roeth and others to foreclose a mechanic's lien. Demurrer to the answer sustained, with leave to amend.

J. I. Wiener, for plaintiff.

T. A. McCarthy, for defendants.

GILDERSLEEVE, J. This is a demurrer to the separate defenses and counterclaim of the answer. So far as the separate defenses, setting up new matter, are concerned, they appear to be at the best only partial defenses. Section 508 of the Code provides that a partial defense "must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth." This the answer fails to do. Unless a pleading is expressly interposed as a partial defense, it must be assumed to be pleaded as a complete defense, and upon demurrer it must be tested upon that assumption. See Golden v. Health Dept. (Sup.) 47 N. Y. Supp. 628. When new matter is set up by an answer, and the answer is demurred to, all the allegations of the complaint are to be taken as true, and the allegations of the complaint referred to in the answer are to be treated as incorporated in it; and if, so read, the answer does not set up a defense to the cause of action alleged in the complaint, a demurrer on that ground will prevail. See Douglass v. Coonley, 156 N. Y. 521, 51 N. E. 283. An affirmative defense set up in an answer is to be treated as a separate plea, and upon demurrer thereto defendant is not entitled to the benefit of denials made in another part of the answer, unless incorporated by reference, and made a part of the affirmative defense. See Douglass v. Insurance Co., 138 N. Y. 210, 33 N. E. 938, 20 L. R. A. 118. In the case at bar the separate defenses setting up new matter do not refer to the other portions of the answer, or make them a part of such defenses. So far as the counterclaim is concerned, section 501 of the Code requires that it should be:

"(1) A cause of action, arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action on contract, any other cause of action on contract, existing at the commencement of the action."

In the case of Rice v. O'Connor, 10 Abb. Prac. 362, we find the following:

"A counterclaim must exist in favor of defendant, and against the plaintiff, at the time the action was commenced; and an answer alleging that plaintiff is indebted, etc., and that the sum claimed is now due, etc., is bad on demurrer."

A counterclaim must be a complete cause of action existing in favor of the defendant, where he asserts it. See Cragin v. Lovell, 88 N. Y. 259. Section 507 of the Code provides that, while defendant may set up as many defenses or counterclaims, or both, as he has, whether legal or equitable, still—

"Each defense or counterclaim must be separately stated, and numbered. Unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer."

In the case at bar the cause of action of the plaintiff is founded on a building contract with reference to No. 1560 Avenue A, in this city, which contract was made on July 30, 1900. The complaint demands $731.75 on the contract. The work, according to the complaint, was properly done and finished about August 25, 1900. The plaintiff filed his notice of lien on September 5, and served copy on defendant on September 8, 1900. He then brought this action to foreclose the lien. The counterclaim repeats in part the making of the contract, as alleged in the complaint, on July 30th, but states that the work was badly done, and resulted in damage to the defendant, for which he counterclaims. The answer alleges the breach of the contract, and also damage to the flagging in the rear yard of the premises in question, through the negligence, carelessness, and incompetence of plaintiff; and for both the breach of contract and injury to the flagging defendant claims the sum of $250 damages. His counterclaim, therefore, unites a cause of action for breach of contract and a cause of action based on plaintiff's negligence. These causes of action are separately stated and numbered, as required by section 507 of the Code. The counterclaim appears, also, to have arisen from the same contract or transaction which forms the basis of plaintiff's cause of action. The damages caused by plaintiff's negligence, as well as those caused by plaintiff's failure to perform the work according to the contract, were clearly connected with the subject of the action. However, it will be remembered that the plaintiff, under the contract, claims $731.75, to which the defendant interposes a counterclaim of $250. This counterclaim, therefore, is deemed to be pleaded in mitigation of damages only. See Douglass v. Coonley, supra; Douglass v. Insurance Co., supra; also Golden v. Health Dept., supra. Part of the counterclaim is founded upon damage to property, but what proportion of the $250 does not appear. Section 508 of the Code provides that:

"Matter tending only to mitigate or reduce damages, in an action to recover damages for * * * an injury to property, is a partial defense, within the meaning of this section."

The same section requires that a partial defense must be expressly stated to be such, as we have above seen. I am inclined to the opinion that, notwithstanding the principle that pleadings against demurrer will be liberally construed, and deemed to allege whatever may be implied from their statements by fair and reasonable intendment (see Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9), the demurrer in the case at bar should be sustained in all respects, with leave to defendant to serve an amended answer on payment of costs.

Demurrer sustained, with leave to defendant to serve an amended answer on payment of costs.