ELLEN M. A. COYLE, Appellant, *v.* WILLIAM D. WARD et al., Respondents.

PLEADING — SEPARATE OR PARTIAL DEFENSES.　Where the complaint in an equitable action states several transactions or transfers of property following a general allegation of a conspiracy to defraud and procure the title to the property by means of certain written instruments, all grouped and connected together so as to constitute but one cause of action or omnibus bill, the defendant may plead facts that constitute a a defense to any one of the causes of action or a partial defense to the whole complaint, and upon demurrer thereto the only question that can arise is whether the facts so pleaded are sufficient for that purpose.

*Coyle* v. *Ward,* 36 App. Div. 181, affirmed.

(Argued April 25, 1901; decided June 4, 1901.)

APPEAL from a final judgment of the Supreme Court, entered April 17, 1899, dismissing the complaint upon the merits, upon an order of the Appellate Division in the fourth judicial department, affirming an interlocutory judgment of Special Term overruling demurrers interposed by plaintiff to defenses contained in the answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward W. S. Johnston* for appellant.　The demurrers are well taken.　(*Dawley* v. *Brown,* 79 N. Y. 390 ; *Stowell* v. *Chamberlain,* 60 N. Y. 272 ; *Jackson* v. *Andrews,* 98 N. Y. 673 ; *Campbell* v. *Consalus,* 25 N. Y. 613 ; *Chapman* v. *Hyher,* 60 Pac. Rep. 974 ; *Packet Co.* v. *Sickles,* 5 Wall. 592 ; *Disch* v. *Timm,* 101 Wis. 179 ; *Booth* v. *Fuller,* 35 App. Div. 119 ; *Bliss* v. *Winters,* 38 App. Div. 174 ; *O'Rourke* v. *Hall,* 38 App. Div. 534.)

*Thomas Allison, John J. O'Brien* and *John F. Ward* for respondents.　The demurrers were properly overruled.　(Freem. on Judg. [4th ed.] §§ 162, 168 ; *Williams* v. *Barkley,* 165 N. Y. 48 ; *Fletcher* v. *Barber,* 82 Hun, 405 ; *Moore* v. *City of Albany,* 98 N. Y. 396 ; *Smith*

v. *Smith,* 79 N. Y. 634 ; *Hughes* v. *United Pipe Lines,* 12 N. Y. S. R. 704 ; 119 N. Y. 423 ; *Thompson* v. *Halbert,* 109 N. Y. 329 ; *Blair* v. *Bartlett,* 75 N. Y. 150 ; *Davidson* v. *Weed,* 20 Misc. Rep. 148 ; *Gall* v. *Gall,* 17 App. Div. 312 ; *W. Sav. Bank* v. *Town of Solon,* 136 N. Y. 465.)

O'BRIEN, J. The only question in this case arises upon an appeal from the order overruling the defendants' demurrer to certain separate and partial defenses interposed by the defendants' answer.

The plaintiff and the two defendants are the three children and sole heirs at law of one Edward Ward, who died on the 9th of November, 1897. The purpose of this action, as appears from the complaint, was to annul and set aside three written instruments purporting to have been executed by the deceased and from the allegations of the pleadings may be described as follows :

(1) Two instruments purporting to be deeds or conveyances of all the real estate that the deceased then had and which is specifically described in the complaint, one dated May 2d, 1895, and the other June 11th, 1895, which were duly recorded. The complaint does not state that these deeds purported to cover different parcels of land, but the fair inference from the general allegations is that they both conveyed the same land, being all the land that the deceased owned. The inference is permissible from the very general language of the complaint, that one deed followed the other, and that both cover the same property. It was alleged that these conveyances were procured by the defendants from the deceased by means of a fraudulent conspiracy on the part of the grantees to defraud deceased and deprive him of his property, and that they were the result of fraud or undue influence practiced by the defendants upon the deceased.

(2) The last will and testament of the deceased, dated June 21st, 1895, a copy of which is attached to the complaint. The relief demanded was that the deeds described and the will referred to be declared null and void. The defendants'

answer, among other things, interposed as a separate defense to so much of the cause of action stated in the complaint as related to the deed of May 2nd, 1895, a former judgment upon the merits recovered by the defendants against the deceased in his lifetime and entered about June 20th, 1897. The pleadings in this action, with the decision and the findings of the referee, were referred to and made a part of the answer and attached thereto. That was plainly an action by the deceased in his lifetime to set aside the deed of May 2nd, 1895, on the same grounds stated in the complaint in the case at bar, and the decision was in favor of the defendants. These facts were also interposed as a further, separate and distinct defense to so much of the cause of action stated in the complaint as was embraced within certain paragraphs therein stated. This separate defense differs only from the one above described in the circumstance that, from its terms, it may be construed as a separate defense to both deeds and the introductory matter preceding the principal allegation. The pleader then states that for a further, separate and partial defense to the entire complaint the defendants allege the same facts in regard to the former suit above stated.

The plaintiff demurred separately to each of the defenses separately stated in the answer and based upon the former suit and judgment on the ground that in law they were upon their face insufficient. We think the demurrers were properly overruled. The former suit and judgment constituted a complete defense to the cause of action stated in the complaint so far as it was based upon the deed of May 2d, 1895. The former suit and judgment was between the defendants and the deceased and the plaintiff in this case is in privity with the plaintiff in the former suit. It was a partial defense to the whole complaint and a partial defense to the cause of action so far as it is based on the deed of June 11th, 1895. That deed is so connected by the allegations of the complaint with the deed of May 2d, 1895, that a defense to the latter may be also a defense to the former so far as that question can be determined on the face of the pleadings. While the complaint is num-

bered by paragraphs it contains but one cause of action, the gravamen of which is a conspiracy to procure the deeds and the will by means of fraud and undue influence. The prior judgment was, of course, no defense to the action so far as it is based upon the will, but since the three instruments are made the ground of but one cause of action the defenses were properly pleaded. (*Thompson* v. *Halbert*, 109 N. Y. 329 ; *Williams* v. *Barkley*, 165 N. Y. 48; *Moore* v. *City of Albany*, 98 N. Y. 396; *Smith* v. *Smith*, 79 N. Y. 634; *Fletcher* v. *Barber*, 82 Hun, 405 ; Freeman on Judgments [4th ed.], §§ 162, 168.)

When in an equity case like this the complaint states several transactions or transfers of property following a general allegation of a conspiracy to defraud and procure the title to the property by means of certain written instruments, all grouped and connected together so as to constitute but one cause of action or omnibus bill, the defendant may plead facts that constitute a defense to any one of the causes of action or a partial defense to the whole complaint, and upon demurrer the only question that can arise is whether the facts so pleaded are sufficient for that purpose. (Code, §§ 507, 508.) The defendants have pleaded the same facts as three distinct and separate partial defenses. Two of the defenses are directed to portions of the complaint that are designated in the answer, and the other defense is stated to be a partial defense to the entire complaint. It may be that the pleading is open to the objection of redundancy, but that defect, if it exists, is no ground of demurrer.

After the decision of the court below, sustaining the Special Term in overruling the demurrer, the plaintiff's counsel moved to compel the defendants' counsel to enter judgment dismissing the complaint, and this motion was granted, and it is from that order that this appeal is taken. We need not now inquire whether the complaint was properly dismissed or not at that stage of the case, since the learned counsel for the plaintiff is in no position to complain of the broad and sweeping terms of the order. It was made upon his own application, and presumptively drawn and entered with his consent and

approval. It may be that the decision upon the demurrer did not dispose of the whole case stated in the complaint, but since the plaintiff's counsel elected to so treat the decision, there is no question before us growing out of the practice in such cases.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN, LANDON and CULLEN, JJ., concur.

Judgment affirmed.