Henry G. Gabay, Appellant, *v.* John Edwin Doane and Others, as Executors of the Last Will and Testament of John W. Doane, Deceased, Respondents.

*No appeal from a decision — complaint not dismissed on overruling a demurrer to an answer — breach of implied warranty of genuineness — sufficiency of the complaint in an action therefor.*

No appeal lies from a decision.

Where, upon a demurrer to a defense set up in an answer, the court finds that the complaint does not state a cause of action, it may overrule the demurrer, but cannot direct a final judgment dismissing the complaint.

The complaint in an action alleged that, as part of the purchase price of certain lands, the defendants' testator indorsed and delivered to the plaintiff a promissory note for $75,000 purporting to be made by Joseph Robinson and Edward F. Riley to the order of the defendants' testator and also assigned to the plaintiff a mortgage represented by him to have been executed by the said Robinson and Riley to secure the payment of the note; that said note and mortgage were never signed by Riley nor by any one having authority from him, and were spurious and void; that the plaintiff had no knowledge that the note or mortgage was spurious, but accepted the same in good faith, relying upon the assignment, indorsement and representations of said defendants' testator as to the genuineness of said instruments. Judgment was demanded in the sum of $99,242.

*Held,* that the complaint stated a cause of action for the breach of an express or implied warranty of the genuineness of the note and mortgage, and that the plaintiff's right to relief did not rest upon the making by the defendants' testator of any false or fraudulent representations;

That it was not essential for the plaintiff to allege that the note was not valid and enforcible so far as the defendants' testator or Robinson was concerned, or that it had not been ratified by Riley;

That it was also unnecessary for the plaintiff to allege that he was, at the time of the commencement of the action, the owner and holder of the note and mortgage, as assuming that possession of the note and mortgage was essential to the cause of action, the possession alleged in the complaint would be presumed to continue;

That allegations in the answer that after the commencement of the action the note and the mortgage were ratified by Riley and the owner of the property covered by the mortgage did not constitute a defense to the plaintiff's cause of action.

APPEAL by the plaintiff, Henry G. Gabay, from a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 8th day of October, 1901, *nunc pro tunc* as of the 27th day of September, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiff's demurrer to the second defense set up in the defendants' answer and dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff also appealed "from said decision and from each and every part thereof"

The original defendant, John W. Doane, died after the action was begun and his executors were substituted. A supplemental complaint and an amended and supplemental answer were duly served. The plaintiff demurred to the second defense contained in such amended answer.

*William Lindsay*, for the appellant.

*Edward S. Clinch*, for the respondents.

INGRAHAM, J.:

There is an appeal in this case from a decision of the Special Term directing judgment overruling a demurrer and dismissing the complaint. As no such appeal is allowed by the Code that appeal must be dismissed. The plaintiff also appeals from a final judgment overruling the plaintiff's demurrer and dismissing the complaint, and that appeal brings before us the correctness of the decision upon which the judgment was entered.

The action was brought to recover the damages sustained by the plaintiff by reason of the delivery to the plaintiff by the defendants' testator of a certain note purporting to be made by Joseph Robinson and Edward F. Riley, and also a mortgage to secure the payment of such note upon certain property in the city of Chicago, State of Illinois, which note and mortgage were not signed and executed by one of the obligors. The defendants answered, setting

up two defenses. The second defense was demurred to by the plaintiff, and upon the hearing of this demurrer the Special Term, without passing upon the sufficiency of this defense, held that the complaint did not state facts sufficient to constitute a cause of action and thus overruled the plaintiff's demurrer; adjudged that the complaint did not state facts sufficient to constitute a cause of action, and entered final judgment dismissing the complaint, with costs.

We think that upon a demurrer by a plaintiff to a defense set up in the defendants' answer, the court was not authorized to enter a judgment dismissing the complaint. There is no question as to the rule that where one party demurs to his opponent's pleading the court may consider the former pleading in the action. Thus, if a plaintiff demurs to a defendant's answer, the court may look into the complaint, and if no cause of action is alleged may overrule the plaintiff's demurrer; but the judgment that can then be entered could only be one overruling the plaintiff's demurrer to the answer and not upon such a demurrer dismissing the complaint. The sufficiency of the complaint was attacked by no pleading of the defendants. The defendants answered the complaint, and upon the determination of a question of law arising upon a demurrer to the answer, while the court would not sustain such a demurrer, no matter how insufficient the answer was, if no cause of action was alleged in the complaint, to entitle a defendant to a judgment dismissing the complaint the sufficiency of the complaint must be attacked by a pleading directly raising that question upon the trial which results in the judgment dismissing the complaint.

Section 488 of the Code prescribes cases in which a defendant may demur to the complaint, which demurrer must, by section 490 of the Code, distinctly state the objections thereto; and by section 494 it is provided that the plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer on the ground that it is insufficient in law on the face thereof; and the decision of the court upon such a demurrer is prescribed by section 1021 of the Code. There is nothing in these provisions which justifies the court in directing a final judgment dismissing the complaint where the sufficiency of the complaint has not been attacked by a pleading, and where the only question presented is as to the sufficiency of a defense set up in the answer. The defend-

ants cite several cases in which such a judgment seems to have been directed; but this point was not directly passed on, and we deem that which is here indicated the better practice.

The court having overruled the demurrer to this defense, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, the first question presented is as to the sufficiency of the complaint. It is there alleged that on the 1st day of March, 1900, the plaintiff sold and conveyed to the defendants' testator three lots of land, with the buildings thereon, in the city of New York, and that as part of the consideration for such transfer the defendants' testator indorsed and delivered to the plaintiff a certain promissory note for $75,000, dated January 13, 1899, payable three years after date, with interest at the rate of five per cent, purporting to be made by Joseph Robinson and Edward F. Riley to the order of the defendants' testator, and assigned to the plaintiff a certain mortgage represented by the said Doane to have been executed by said Joseph Robinson and Edward F. Riley and delivered by them to him to secure the payment of the aforesaid note, with interest, which mortgage was represented by said Doane to be a first lien on certain property located in the city of Chicago, State of Illinois, which mortgage also purported to be executed by said Robinson and Riley and which was duly recorded; and that said note and mortgage so accepted in part payment of the transfer of said property were spurious and void, and were never signed by said Edward F. Riley, nor by any one having his authority; that at and before the time of the conveyance, assignment and transfer aforesaid the defendants' testator represented to the plaintiff that the said note and mortgage were executed by said Joseph Robinson and Edward F. Riley, and that interest amounting to $4,242 was accrued, due and payable thereon, and that the plaintiff had no knowledge that the said note or mortgage was spurious, but accepted the same, together with the alleged accrued interest thereon, in good faith, relying upon the assignment, indorsement and representations of said defendants' testator as to the genuineness of said instruments and the accrued interest thereon, and that by reason of the premises the plaintiff has been damaged in the sum of $99,242. Wherefore, the plaintiff demands judgment against the defendants for that sum.

The question is whether these facts thus alleged would justify a recovery by the plaintiff. It is clear that this cause of action sought to be alleged is one to recover for the breach of an express or implied warranty of the genuineness of the note and mortgage. There are no allegations that would justify an action in tort or by which the plaintiff's right to relief can depend upon any false or fraudulent representations. *Scienter* is not alleged, but a delivery of what purported to be a note secured by a mortgage; the fact that such note and mortgage were spurious and void and were never signed by one of the makers of the note and mortgagors; that the defendant represented that they were valid instruments signed by the parties by whom they were purported to be signed, and that the plaintiff has sustained damages in consequence of the spurious character of the instrument, and he asks to recover such damages. I am unable to see any ground of objection to this cause of action. We are not now concerned with the measure of damages, but must treat the allegations in the complaint as admitted by the defendant, and determine whether, those facts being proved, the plaintiff would be entitled to recover the damages that he has sustained in consequence of the fact that the instrument which purported to be a valid promissory note secured by a mortgage was not in fact what it purported to be and what the defendant represented it to be. That the plaintiff could have suffered no damage in consequence of any hindrance or delay in collecting the note or foreclosing the mortgage, would not prevent him from recovering any damages sustained by him in consequence of a failure of the note to be what it purported to be, viz., the note of Robinson and Riley. The objection to the complaint which seems to have been relied upon by the court below is that it is nowhere alleged that, so far as Robinson is concerned, the note was not valid and enforcible, nor that as to the indorser Doane a complete recovery may not be had, nor that either of them is irresponsible; that the note is not void as to Robinson, nor even as to Riley, for he may before its transfer have adopted and ratified it, and that the plaintiff does not allege that he is the owner and holder of the note and mortgage, and that these allegations are essential upon the theory that this is an action on the implied warranty. But I cannot see that either of these allegations is essential to a good cause of action. The plaintiff does not seek to rescind

the agreement under which he acquired the note and mortgage as a part of the consideration for the conveyance of the New York property, but asks to recover the damages that he sustained because of the fact that what purported to be Riley's note and mortgage were not in fact such note and mortgage, and that thereby he has sustained damage. His cause of action would not necessarily depend upon the possession of the note and mortgage at the time of the commencement of the action ; but assuming that it would, the possession by the plaintiff of the note and mortgage having been alleged, upon demurrer, such possession would be presumed to continue. Nor does the fact that it was not void as to Robinson preclude the plaintiff from recovering the damages he sustained because of the fact that the note was void as to Riley. It has long been the settled law of this State, and has now been made law by statute, that every person negotiating a negotiable instrument by delivery or by a qualified indorsement, warrants that the instrument is genuine and in all respects what it purports to be. (Neg. Inst. Law [Laws of 1897, chap. 612], § 115.) But irrespective of this implied warranty the complaint alleges an express warranty by the defendants' testator upon the delivery of the note which was relied upon by the plaintiff. By attacking the complaint the defendants admit these allegations, and whether Robinson or the defendants' testator was liable, the plaintiff, having alleged that this note and mortgage were not legal obligations of Riley, that in consequence thereof he has sustained damage, and that they were not such legal obligations, would clearly, we think, be entitled to a recovery for the damage that he has sustained because of that fact. We think, therefore, that the complaint did allege a good cause of action, and that the plaintiff was entitled to maintain his action to recover the damages that he sustained.

Turning to the second defense, it must be, we think, conceded that the facts alleged fail to establish a defense to this cause of action to recover the damages sustained by the plaintiff. His cause of action is confined to the damages that he had sustained at the commencement of the action. If no such damage is proved, there can be a recovery for nominal damages only. The subsequent acts of the defendants or the makers of the note, or of the owner of the property covered by the mortgage, which would tend to validate

the note and mortgage after the commencement of the action, could have no relation to the damages that the plaintiff had sustained when the action was commenced. It is not alleged that the plaintiff had anything to do with these subsequent transactions, or that he waived his right to enforce his claim for the damages sustained by him, and, as was said by the Court of Appeals in *Wisner* v. *Ocumpaugh* (71 N. Y. 113), "The rights of the parties must be determined at the commencement of the action. Although an equitable defense is allowable to a legal action, it does not, when interposed, change the character of the action, nor authorize transactions subsequent to the commencement of the action to be shown to affect the rights of the parties to the action as they existed when it was commenced." In this second defense there is no denial of any allegation of the complaint, and it alleges, as was alleged in the complaint, that the contract for the sale of the New York property was carried out and thereby the note secured by the mortgage upon the Chicago property was assigned and delivered to the plaintiff, and the defense then alleges the acts of the owner of the property and Riley, who purported to be one of the makers of the note, ratifying the note and the mortgage to secure its payment. These allegations are made as a defense to the plaintiff's cause of action, not in mitigation of damages or for the purpose of reducing the plaintiff's damage. I think it clear that, as a defense to the plaintiff's cause of action, it is insufficient upon its face.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendants to amend their answer upon payment of costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendants to amend on payment of costs in this court and in the court below.