(77 App. Div. 413.)

GABAY v. DOANE et al.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. APPEAL—DECISION—CONSTRUCTION.
    Where the appellate division on a prior appeal decided that facts arising subsequent to the commencement of the action could not be pleaded as a defense to plaintiff's cause of action, such decision did not preclude defendant from alleging such facts in an amended answer as a partial defense in mitigation of damages.

2. PLEADING—PARTIAL DEFENSES—FACTS ARISING SUBSEQUENT TO TRIAL.
    Code Civ. Proc. § 507, authorizes a defendant to set up in his answer as many defenses as he has. Section 508 provides that a partial defense may be set forth, as prescribed in the last section, which must be expressly stated to be a partial defense, and declares that matter tending only to mitigate damages in certain actions is a partial defense, within such section. Held, that section 508 did not make an exclusive classification of partial defenses, and that, where plaintiff sought to recover damages for defendants' transfer to him of a spurious note and mortgage, defendants were entitled to set up as a partial defense, in reduction of damages, facts occurring subsequent to the commencement of the action tending to validate such instruments.

3. SAME—LEAVE TO PLEAD—APPEAL.
    On an appeal from an order sustaining a demurrer to a partial defense, the court can only pass on the sufficiency of the matter pleaded to constitute a partial defense, and must therefore assume that leave to plead was obtained.

Appeal from special term, New York county.

Action by Henry G. Gabay against John E. Doane and others, as executors of the will of John W. Doane, deceased. From an interlocutory judgment sustaining a demurrer to the second defense alleged in the answer (78 N. Y. Supp. 224), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Edward S. Clinch, for appellants.
J. Culbert Palmer, for respondent.

PATTERSON, J. This action was brought to recover damages alleged to have been sustained by the plaintiff in a transaction had between him and the defendants' testator, John W. Doane. The appeal is from an interlocutory judgment sustaining a demurrer to cer-

tain matter set up in the amended answer of the defendants, which is stated to be a partial defense to the cause of action set forth in the complaint, and which is substantially a recital of facts tending to reduce the damages claimed by the plaintiff. It is stated in the complaint that in March, 1900, the plaintiff sold to John W. Doane real estate in the city of New York known as Nos. 143, 145, and 147 Franklin street, in the borough of Manhattan; that, as part of the consideration for the transfer, Doane indorsed and delivered to the plaintiff a certain promissory note for $75,000, with interest at 5 per cent., and which purported on its face to be made by John Robinson and Edward F. Riley to the order of John W. Doane; that, simultaneously with the delivery of the promissory note, Doane also assigned to the plaintiff a mortgage which Doane represented to the plaintiff had been executed by Robinson and Riley, and to have been given by them to secure the payment of the note. And it is charged that John W. Doane represented to the plaintiff that the mortgage was a first lien on real estate in the city of Chicago, in the state of Illinois; the mortgage also purporting on its face to have been executed by Robinson and Riley. It is further charged in the complaint that the defendants' testator also represented that, at the time of the execution of the note and of the mortgage, Robinson and Riley were the owners of the Chicago property, and that the note and mortgage accepted by the plaintiff in part payment for the transfer of the Franklin street property were spurious and void, and were never signed by Riley, nor any one else having his authority; that at the time of the conveyance of the Franklin street property, and the acceptance of the note and mortgage in part payment, the plaintiff had no knowledge that either the note or the mortgage was spurious, but that they were accepted in good faith, the plaintiff relying upon the assignment and indorsement and representations of the defendants' testator as to the genuineness of the instruments; and that the plaintiff has never ratified or confirmed his acceptance of them. It is not alleged in the complaint that John W. Doane knew that the note and mortgage were not signed by Riley, or that he intended to deceive or defraud the plaintiff.

This complaint was formerly construed by this court (Gabay v. Doane, 66 App. Div. 511, 73 N. Y. Supp. 381); and it was held that the cause of action is to recover for the breach of an express or implied warranty of the genuineness of the note and mortgage, and that there are no allegations in the complaint that would justify an action in tort, or by which the plaintiff's right to relief can depend upon false or fraudulent representations. To the complaint the defendants interposed an answer in which they set up certain occurrences that took place after the action was begun, and which had the effect of validating the note and mortgage, and making them enforceable securities. That matter was pleaded as an entire defense to the action. The plaintiff demurred to that defense, and it was held by this court (Gabay v. Doane, supra) that the matter so pleaded was unavailable as a complete defense; that the plaintiff was entitled to recover such damages as he had sustained at the commencement of the action; that the subsequent acts of the defendants, or makers

of the note, or of the owner of the property covered by the mort-gage, which would tend to validate the note and mortgage after the commencement of the action, "could have no relation to the damages that the plaintiff had sustained when the action was commenced." This language must be understood as relating to the matter pleaded, constituting a complete defense; and that is obvious from an expression contained in another part of the opinion of the court, namely, "These allegations are made as a defense to the plaintiff's cause of action,—not in mitigation of damage, or for the purpose of reducing the plaintiff's damage." All that was decided by this court in sustaining the demurrer on the former appeal was that matter which arose subsequent to the commencement of the action did not, in the form in which it was pleaded, constitute a defense going to the whole right of the plaintiff to recover. In sustaining the demurrer to the matter pleaded as an entire defense, permission was given to the defendants to answer over; and, in availing themselves of that permission, they have, in an amended answer, set up precisely the same matter contained in the original answer, but now present it as a partial defense, and in reduction of damages. A demurrer has again been interposed, and sustained by the special term. The learned justice by whom the argument of the present demurrer was heard conceived that, this court having declared that the matter demurred to had "no relation to the damages which the plaintiff had sustained when the action was commenced," such matter was not available in an answer for any purpose. The phrase quoted from the opinion of the court, in a certain way, may be misleading, but it was not intended to prejudge the question of that matter constituting a partial defense. It was unnecessary to discuss or determine upon the former appeal to what extent the same facts might have been pleaded in mitigation. If a plaintiff is entitled to recover not only the damages sustained by him to the time an action is commenced, but also such additional damage as may have been caused by acts complained of down to the date of trial, it is proper that a defendant be permitted to prove in mitigation facts arising after the commencement of the action. What is now set up as a partial defense is pleaded in diminution of the amount which the plaintiff may recover, and it is authorized by the provisions of the Code of Civil Procedure. Section 507 of that Code provides that a defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Section 508 provides that a partial defense may be set forth as prescribed in the last section, but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is whether it is sufficient for that purpose. In the same section (508) it is further provided that matter tending only to mitigate or reduce damages in an action to recover for the breach of a promise to marry, for a personal injury, or an injury to property, is a partial defense, within the meaning of this section. The argument of the respondent seems to be that the provision last quoted of section 508 makes an exclusive classification of partial defenses, and therefrom is drawn

the inference that there can only be a partial defense to an action to recover damages for a breach of a promise to marry, or for a personal injury or an injury to property; but that is clearly an erroneous inference. In McKyring v. Bull, 16 N. Y. 303, 69 Am. Dec. 696, in giving construction to section 149 of the Code of Procedure, which is identical with section 500 of the Code of Civil Procedure, the court of appeals held that it should be so interpreted as to require defendants in all cases to plead any new matter constituting either an entire or partial defense, and to prohibit them from giving such matter in evidence upon the assessment of damages when not set up in the answer; and Selden, J., said:

"Not only payment, therefore, in whole or in part, but release, accordance, satisfaction, arbitrament, etc., which may still, for aught I see, be made available in England in mitigation of damages without plea, must here be pleaded."

That case is still authority.

It is argued that the matter constituting the partial defense arose subsequent to the commencement of the action, and that in legal actions, differing in that respect from suits in equity, the rights of the parties must be determined as of the time of the commencement of the action. As was remarked by Pryor, J., in Ferris v. Tannebaum (Com. Pl.) 15 N. Y. Supp. 296:

"But in an action of a legal nature the rights of the parties must be determined as they existed at the commencement of the action, except so far as the situation has since been changed unfavorably to the plaintiff's claim, either by his own act or by operation of law; the reason being that in a legal action the statute gives costs, and, as they ought not to be charged on a plaintiff who had good ground to sue, the defendant should get leave to plead, so that the court may impose terms. Insurance Co. v. Gage (Sup.) 13 N. Y. Supp. 837; Wisner v. Ocumpaugh, 71 N. Y. 113; Styles v. Fuller, 101 N. Y. 622, 4 N. E. 348."

In considering this demurrer, we can only pass upon the sufficiency of the matter pleaded as constituting a partial defense. We cannot assume that leave to plead was not given.

The interlocutory judgment sustaining the demurrer should be reversed, with costs, and the demurrer overruled, with costs, with leave to withdraw demurrer on payment of costs in this court and in the court below. All concur.