STRAUS et al. v. AMERICAN PUBLISHERS' ASS'N et al.

(Supreme Court, Appellate Division, First Department.   April 7, 1905.)

1. CONTRACTS—PERFORMANCE—PUBLIC POLICY—INJUNCTION—PLEADING.
   In a suit to restrain the enforcement of an agreement claimed to be in violation of public policy, and of the statutes making illegal certain combinations in restraint of trade, the extent of the relief granted being within the discretion of the court, it was proper for defendant to set up facts happening either before or after the commencement of the action bearing on or affecting the extent of the relief to which complainant was entitled.

2. SAME—DEMURRER.
   In a suit to restrain the enforcement of an agreement alleged to be illegal as in restraint of trade, whether or not certain facts pleaded in the answer as bearing upon the extent of relief were sufficient to justify the trial court in refusing to grant any injunction, etc., would not be considered on demurrer.

3. SAME.
   Where, in a suit to restrain the enforcement of an agreement alleged to be in restraint of trade, a defense consisted of facts pleaded for the purpose of affecting the extent of discretionary relief, it was not demurrable for insufficiency on the face thereof, as provided by Code Civ. Proc. § 494, though, from an inspection of the pleadings, it appeared that the facts alleged, of themselves, were insufficient to justify the court in refusing plaintiff any relief.

4. SAME.
   Code Civ. Proc. § 507, provides that a defendant may set forth in his answer as many defenses as he has, separately stated and numbered, and, unless interposed as an answer to the entire complaint, it shall distinctly

refer to the cause of action it is intended to answer; and section 508 declares that a partial defense may be set forth, but it must be expressly stated to be a partial defense, and on demurrer thereto the question is whether it is sufficient for that purpose. *Held,* that such sections did not apply to a suit in equity for discretionary injunctive relief, as affecting facts set up for the court's consideration in determining the extent of injunctive relief.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Isidor Straus and others against the American Publishers' Association and others. From a judgment (92 N. Y. Supp. 153) overruling a demurrer to a separate defense, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edmond E. Wise, for appellants.

Stephen H. Olin, for respondent American Publishers' Association and others.

Thaddeus D. Kenneson, for respondents Wolcott and others.

INGRAHAM, J. In this action the plaintiffs seek to perpetually enjoin the defendants from acting under or enforcing certain agreements between the defendants by which it was intended to maintain the retail prices of books, and to prevent competition in the sale thereof. The defendants demurred to the complaint. The demurrer was sustained at Special Term, but upon appeal to this court the judgment sustaining the demurrer was reversed (85 App. Div. 446, 83 N. Y. Supp. 271), and upon appeal to the Court of Appeals the reversal was affirmed (177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701). The defendants then interposed an answer which alleged several affirmative defenses. To the second and third of these affirmative defenses the plaintiffs demurred. The demurrer to the second affirmative defense was overruled, and to the third the defense sustained. From the interlocutory judgment overruling the demurrer to the second affirmative defense the plaintiffs now appeal. This defense is pleaded as "a second separate defense to the complaint herein," and alleges that the agreement set out in the complaint was adopted on the 13th day of February, 1901; that certain amendments thereto were made from time to time, copies of the amended agreement being annexed to the answer, and finally, on the 13th of May, 1904, the agreement was further amended so as to apply solely to copyrighted books. The action being in equity, and the relief asked being an injunction against the defendants, restraining them from enforcing an agreement which it is claimed is in violation of public policy and of the statutes of this state making illegal certain combinations, the extent of the relief that will be granted is within the discretion of the court; and in such an action it is quite proper for a defendant to set up any facts happening either before or after the commencement of the action which bear upon or may affect the extent to which injunctive relief will be granted. Upon demurrer to an answer setting up facts upon which the defendant would ask the court not to grant an injunction, but to leave the parties to their remedy at law, it would be manifestly

impossible for the court to determine just what effect these facts would have upon the trial court, and determine upon demurrer whether or not they are sufficient to justify the trial court in refusing to grant any injunction, or, if an injunction is granted, to effect the extent of the injunction, for that would be an exercise of judicial discretion on demurrer, when such discretion could only be exercised at the trial, when all of the facts are before the court. If the facts alleged have relation to the subject-matter, and are calculated to affect the action of the court in determining whether an injunction should be granted, or its extent if one is granted, the effect that will be given to them cannot be determined on demurrer. Section 494 of the Code of Civil Procedure provides that the plaintiff may demur to a counterclaim or to a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law, upon the face thereof. When such a defense consists of facts which the defendant will prove upon the trial to affect the extent of discretionary relief that a court of equity will grant, it is not insufficient upon the face thereof, even though it would appear upon an inspection of the pleadings that the facts alleged would not in themselves be sufficient to justify the court in refusing the plaintiff any relief. I think, therefore, that this defense cannot be said to be "insufficient in law, upon the face thereof," and that it therefore was not subject to demurrer.

The plaintiffs insist that, as these facts are pleaded as a complete defense to the action, they cannot be sustained as a partial defense, under sections 507 and 508 of the Code. Section 507 of the Code provides that:

"A defendant may set forth, in his answer, as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Each defense or counterclaim must be separately stated and numbered. Unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer."

Section 508 provides that:

"A partial defense may be set forth, as prescribed in the last section; but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is, whether it is sufficient for that purpose."

I think it quite clear that this section was not intended to apply to an action in equity asking for discretionary relief, where a defendant sets up facts which he will ask the court to consider in determining the relief which will be granted. The plaintiff has a right to plead these facts as sufficient to justify the court in refusing to grant an injunction, and upon demurrer it cannot be said that facts which are sufficient to effect the relief will not be sufficient to defeat the cause of action. Just what effect these facts will have, must be left to be determined by the court when the action comes on to be tried upon the whole evidence. Sections 507 and 508 of the Code of Civil Procedure have clearer application to actions at law than to actions in equity which ask for discretionary relief.

Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675, relied on by the plaintiff, was an action to recover damages for a conversion. The

defense pleaded was the statute of limitations. To this answer the plaintiff demurred on the ground that it was sufficient in law, on the face thereof; and it was held that as the defense would not apply to the whole of the plaintiff's claim, and was not pleaded as a partial defense, the demurrer should be sustained. Matthews v. Beach, 5 Sandf. 256, was an action for libel; and it was held in that case that facts which might properly be pleaded in mitigation of damages, when pleaded as a defense to the cause of action, were demurrable. The defendants claim that they have a right to present to the court the fact that, in view of the subsequent modifications of the agreement, no injunction should be granted. That question must be settled by the court upon the trial, and, as before stated, cannot be determined on demurrer. The facts are such as are proper to be presented upon the trial, and therefore a demurrer to this defense cannot be sustained as insufficient upon the face thereof. Without intimating an opinion as to the effect that should be given to the facts pleaded, determining the relief, if any, that will be granted to the plaintiff, we do not think this allegation of new matter was demurrable, and that the court below therefore correctly overruled the demurrer.

It follows that the interlocutory judgment appealed from must be affirmed, with costs, with leave to the plaintiff to withdraw the demurrer on payment of costs in this court and in the court below.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. (dissenting). This is a suit in equity to enjoin the defendants from continuing a combination in restraint of trade designed to control the retail book business by establishing and maintaining the prices at which copyrighted books published after May, 1901, should be sold at retail, and enforcing the rules of the association by refusing to sell books, whether copyrighted or not, to persons failing to observe the same, in violation of the anti-monopoly law of the state of New York. Subsequent to the decision of the Court of Appeals (177 N. Y. 473, 69 N. E. 1107, 64 L. R. A. 701) holding that the complaint stated a good cause of action as to the noncopyrighted books, but that a combination was not unlawful as to copyrighted books, without discriminating, as I think they should, between books of which the defendants are the owners of copyrights and those of which they are not the owners, the defendants modified their agreement by confining it to copyrighted books. They thereupon obtained leave of the court, and served an amended answer setting up this fact, and that since thus modifying the agreement they had not undertaken to control the free sale of noncopyrighted books, as a separate defense to the action, without pleading the facts either as a partial defense or in mitigation. The plaintiffs demurred to this separate defense as insufficient in law. The demurrer was overruled, and the majority of the court favor the affirmance of the interlocutory judgment. I think it should be reversed. The facts pleaded as a separate defense in the amended answer, if established, will not necessarily deprive the plaintiffs of injunctive relief or require the dismissal of

the complaint. Van Allen v. N. Y. R. Co., 144 N. Y. 174–79, 38 N. E. 997; Thomas v. Schumacker, 17 App. Div. 441, 45 N. Y. Supp. 166, affirmed 163 N. Y. 554, 57 N. E. 1126. In addition to their right to recover damages in this action, I am of opinion that the plaintiffs will be entitled to injunctive relief. Surely they should not be turned out of a court merely because the defendants have agreed among themselves, since the commencement of the action, that they will not further violate the law or the rights of the plaintiffs, which down to that time, according to the decisions of this court and of the Court of Appeals, they were violating. They should be perpetually enjoined from doing those acts which are a violation of the plaintiffs' rights and of the law, to the end that they may not again violate them, and compel the plaintiffs to bring another action for their protection. It is quite clear that no distinction was intended by the provisions of the Code between a suit in equity and an action at law, with reference to the requirement that a defense which is not a complete defense to the action must be expressly pleaded as a partial defense, or to the sufficiency on demurrer of a defense as pleaded. Code Civ. Proc. §§ 507–08. See Coyle v. Ward, 167 N. Y. 240–43, 60 N. E. 596; Ivy Courts Realty Co. v. Morton, 73 App. Div. 335, 76 N. Y. Supp. 687; Bernascheff v. Roeth, 34 Misc. Rep. 588, 70 N. Y. Supp. 369; Gabay v. Doane, 66 App. Div. 507, 73 N. Y. Supp. 381; Id., 77 App. Div. 413, 79 N. Y. Supp. 312. Even under the chancery practice a plea to the entire bill was bad if it was not an answer to the whole. Story's Equity Pl. § 695; Noe v. Noe, 32 N. J. Eq. 469. This separate answer manifestly is not a complete defense to the action, and will not necessarily require the dismissal of the complaint, even if the facts are established. I think, therefore, that the facts are not well pleaded, and that they should have been pleaded as a partial defense.

For these reasons, I vote for reversal.