ISIDOR STRAUS and NATHAN STRAUS, Composing the Firm of R. H. MACY & COMPANY, Appellants, v. AMERICAN PUBLISHERS' ASSOCIATION and Others, Respondents.

*Equity case — right of a defendant to set up matters relative to injunctive relief arising before or after the commencement of the action — the effect thereof on injunctive relief, not considered on demurrer — requirement that a partial defense be pleaded as such, is not applicable to an equity case.*

In an action brought to obtain an injunction restraining the defendants from enforcing an agreement, which it is claimed is in violation of public policy and of the statutes of this State making illegal certain combinations, the extent of the relief that will be granted is within the discretion of the court, and in such an action it is quite proper for a defendant to set up any facts happening, either before or after the commencement of the action, which bear upon, or may affect, the extent to which injunctive relief will be granted.

Where the answer interposed in such an action sets up facts affecting the extent of the injunctive relief to be granted in the action, the court will not determine, upon demurrer, whether such facts are sufficient to justify the trial court in refusing injunctive relief or in limiting the extent of such injunctive relief, as to determine such questions upon demurrer would constitute an interference with the discretionary power vested in the trial court.

Such an answer is not insufficient in law upon the face thereof within the meaning of section 494 of the Code of Civil Procedure, even though the facts alleged would not in themselves be sufficient to justify the court in refusing the plaintiff any relief.

Section 508 of the Code of Civil Procedure, which requires a partial defense to be pleaded as such in order to resist a demurrer, is not applicable to an equitable action for discretionary relief, in which the defendant sets up facts which he will ask the court to consider in determining the extent of such relief.

LAUGHLIN, J., dissented.

APPEAL by the plaintiffs, Isidor Straus and another, composing the firm of R. H. Macy & Company, from so much of an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of December, 1904, upon the decision of the court rendered after a trial at the New York Special Term as overrules the plaintiffs' demurrers to the second separate defense set forth in each of the amended answers of the defendants.

*Edmond E. Wise,* for the appellants.

*Stephen H. Olin,* for the respondents American Publishers' Association and others.

*Thaddeus D. Kenneson,* for the respondents Walcott and others.

INGRAHAM, J. :

In this action the plaintiffs seek to perpetually enjoin the defendants from acting under or enforcing certain agreements between the defendants by which it was intended to maintain the retail prices of books and to prevent competition in the sale thereof. The defendants demurred to the complaint; the demurrer was sustained at Special Term, but upon appeal to this court the judgment sustaining the demurrer was reversed. (85 App. Div. 446.) And upon appeal to the Court of Appeals the reversal was affirmed. (177 N. Y. 473.) The defendants then interposed an answer which alleged several affirmative defenses. To the second and third of these affirmative defenses the plaintiffs demurred. The demurrer to the second affirmative defense was overruled and to the third the defense was sustained. From the interlocutory judgment overruling the demurrer to the second affirmative defense the plaintiffs now appeal. This defense is pleaded as "a second separate defense to the complaint herein," and alleged that the agreement set out in the complaint was adopted on the 13th day of February, 1901; that certain amendments thereto were made from time to time, copies of the amended agreement being annexed to the answer, and finally on the 13th of March, 1904, the agreement was further amended so as to apply solely to copyrighted books. The action being in equity, and the relief asked being an injunction against the defendants restraining them from enforcing an agreement which it is claimed is in violation of public policy and of the statutes of this State making illegal certain combinations,* the extent of the relief that will be granted is within the discretion of the court, and in such an action it is quite proper for a defendant to set up any facts happening, either before or after the commencement of the action, which bear upon or may affect the extent to which injunctive relief will be granted. Upon demurrer to an answer setting up facts upon which the defendant would ask the court not to grant an injunction, but to leave the parties to their remedy at law, it would be manifestly impossible for the court upon demurrer to determine just what effect these facts would have upon the trial court and

---

* See Laws of 1899, chap. 690.— [REP.

whether or not they are sufficient to justify the trial court in refusing to grant any injunction, or, if an injunction is granted, to affect the extent of the injunction, for that would be an exercise of judicial discretion on demurrer, when such discretion could 'only be exercised at the trial when all of the facts are before the court. If the facts alleged have relation to the subject-matter and are calculated to affect the action of the court in determining whether an injunction should be granted, or its extent if one is granted, the effect that will be given to them cannot be determined on demurrer. Section 494 of the Code of Civil Procedure provides that the plaintiff may demur to a counterclaim or to a defense consisting of new matter contained in the answer on the ground that it is insufficient in law upon the face thereof. When such a defense consists of facts which the defendant will prove upon the trial to affect the extent of discretionary relief that a court of equity will grant, it is not insufficient upon the face thereof, even though it would appear upon an inspection of the pleadings that the facts alleged would not in themselves be sufficient to justify the court in refusing the plaintiff any relief. I think, therefore, that this defense cannot be said to be "insufficient in law upon the face thereof" and that it, therefore, was not subject to demurrer.

The plaintiffs insist that as these facts are pleaded as a complete defense to the action they cannot be sustained as a partial defense under sections 507 and 508 of the Code of Civil Procedure. Section 507 of said Code provides as follows: "A defendant may set forth, in his answer, as many defences or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Each defence or counterclaim must be separately stated and numbered. Unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer." Section 508 provides as follows: "A partial defence may be set forth, as prescribed in the last section; but it must be expressly stated to be a partial defence to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is, whether it is sufficient for that purpose." I think it quite clear that this section was not intended to apply to an action in equity asking for discretionary relief, where a defendant sets up facts

which he will ask the court to consider in determining the relief which will be granted. The plaintiff has a right to plead these facts as sufficient to justify the court in refusing to grant an injunction and upon demurrer it cannot be said that facts which are sufficient to affect the relief will not be sufficient to defeat the cause of action. Just what effect these facts will have must be left to be determined by the court when the action comes on to be tried upon the whole evidence. Sections 507 and 508 of the Code of Civil Procedure have clearer application to actions at law than in equity which ask for discretionary relief.

*Thompson* v. *Halbert* (109 N. Y. 329), relied on by the plaintiffs, was an action to recover damages for a conversion. The defense pleaded was the Statute of Limitations. To this answer the plaintiff demurred on the ground that it was insufficient in law on the face thereof; and it was held that as the defense would not apply to the whole of the plaintiff's claim and was not pleaded as a partial defense, the demurrer should be sustained. *Matthews* v. *Beach* (5 Sandf. 256) was an action for libel, and it was held in that case that facts which might properly be pleaded in mitigation of damages, when pleaded as a defense to the cause of action, were demurrable. The defendants claim that they have a right to present to the court the fact that in view of the subsequent modifications of the agreement no injunction should be granted. That question must be settled by the court upon the trial and, as before stated, cannot be determined on demurrer. The facts are such as are proper to be presented upon the trial and, therefore, a demurrer to this defense cannot be sustained as insufficient upon the face thereof. Without intimating an opinion as to the effect that should be given to the facts pleaded determining the relief, if any, that will be granted to the plaintiff, we do not think this allegation of new matter was demurrable and that the court below, therefore, correctly overruled the demurrer.

It follows that the interlocutory judgment appealed from must be affirmed, with costs, with leave to the plaintiffs to withdraw the demurrer on payment of costs in this court and in the court below.

Van Brunt, P. J., Patterson and McLaughlin, JJ., concurred; Laughlin, J., dissented.

LAUGHLIN, J. (dissenting) :

This is a suit in equity to enjoin the defendants from continuing a combination in restraint of trade designed to control the retail book business by establishing and maintaining the prices at which copyrighted books published after May, 1901, should be sold at retail and enforcing the rules of the association by refusing to sell books, whether copyrighted or not, to persons failing to observe the same, in violation of the Anti-Monopoly Law of the State of New York. (See Laws of 1899, chap. 690.) Subsequent to the decision of the Court of Appeals (177 N. Y. 473), holding that the complaint stated a good cause of action as to the non-copyrighted books, but that a combination was not unlawful as to copyrighted books without discriminating, as I think they should, between books of which the defendants are the owners of copyrights and those of which they are not the owners, the defendants modified their agreement by confining it to copyrighted books. They thereupon obtained leave of the court and served an amended answer setting up this fact and that since thus modifying the agreement they had not undertaken to control the free sale of non-copyrighted books as a separate defense to the action without pleading the facts either as a partial defense or in mitigation. The plaintiffs demurred to this separate defense as insufficient in law. The demurrer was overruled and the majority of the court favor the affirmance of the interlocutory judgment. I think it should be reversed. The facts pleaded as a separate defense in the amended answer, if established, will not necessarily deprive the plaintiffs of injunctive relief or require the dismissal of the complaint. (*Van Allen* v. *N. Y. E. R. R. Co.*, 144 N. Y. 174, 179; *Thomas* v. *Schumacher*, 17 App. Div. 441; affd., 163 N. Y. 554.) In addition to their right to recover damages in this action, I am of opinion that the plaintiffs will be entitled to injunctive relief. Surely they should not be turned out of court merely because the defendants have agreed among themselves, since the commencement of the action, that they will not further violate the law or the rights of the plaintiffs which, down to that time, according to the decisions of this court and of the Court of Appeals, they were violating. They should be perpetually enjoined from doing those acts which are a violation of the plaintiffs' rights and of the law, to

the end that they may not again violate them and compel the plaintiffs to bring another action for their protection. It is quite clear that no distinction was intended by the provisions of the Code of Civil Procedure between a suit in equity and an action at law with reference to the requirement that a defense which is not a complete defense to the action must be expressly pleaded as a partial defense, or to the sufficiency on demurrer of a defense as pleaded. (Code Civ. Proc. §§ 507, 508. See *Coyle* v. *Ward,* 167 N. Y. 240, 243; *Ivy Courts Realty Co.* v. *Morton,* 73 App. Div. 335; *Bernascheff* v. *Roeth,* 34 Misc. Rep. 588; *Gabay* v. *Doane,* 66 App. Div. 507; 77 id. 413.) Even under the chancery practice a plea to the entire bill was bad if it was not an answer to the whole. (Story Eq. Pl. [10th ed.] § 693; *Noe* v. *Noe,* 32 N. J. Eq. 469.) This separate answer manifestly is not a complete defense to the action and will not necessarily require the dismissal of the complaint even if the facts are established. I, think, therefore, that the facts are not well pleaded and that they should have been pleaded as a partial defense.

For these reasons I vote for reversal.

Judgment affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below.