### WHALEN v. UNION BAG & PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. PLEADING (§ 223*)—DEMURRER—EFFECT OF DECISION.

That a demurrer to a defense has been sustained will not preclude the court from considering the facts alleged in such defense in connection with other defenses, where they are realleged and made a part of such other defenses.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 568; Dec. Dig. § 223.*]

2. PLEADING (§ 194*)—DEMURRER—ANSWER PRESENTING PARTIAL DEFENSE.

In an action against a mill company for the pollution of a stream, an answer alleging that for more than 50 years many mills, including those of plaintiff, have been operated along such stream above the property of plaintiff, and the stream has been used as a common drainage for such mills, and the water during all that time has been polluted, and the primary use of such stream has been changed by reason of its being so used, is a partial defense to plaintiff's claim for pecuniary damages, and embraces matters pertinent to the relief that may be granted to complainant, and hence is not subject to demurrer.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 194.*]

3. PLEADING (§ 80*)—PARTIAL DEFENSES. ·

A partial defense admits the right of plaintiff to a judgment of some kind, and only seeks to limit or restrict the extent or quality of the relief granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

4. PLEADING (§ 218*)—DEMURRER—PARTIAL DEFENSES.

Under Code Civ. Proc. § 508, providing for the pleading of a partial defense, and providing that the question on a demurrer thereto is whether it is sufficient for a partial defense, the only question to be considered on a demurrer to a partial defense, pleaded as such, is whether it is sufficient for that purpose.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 218.*]

Appeal from Special Term, Saratoga County.

Action by Robert E. Whalen against the Union Bag & Paper Company. A demurrer to the fourth and fifth defenses in the amended answer was overruled, and plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is alleged in the complaint that plaintiff is the owner of a tract of land upon and along a private stream or water course; that on said stream, about two miles above plaintiff's property, the defendant owns and operates a sulphite pulp mill and several paper mills; that, without plaintiff's acquiescence or consent, defendant has discharged into said stream chemicals and unhealthy and deleterious matters from its said mills, whereby the water in said stream became polluted and defiled upon and along plaintiff's lands, and unhealthy and unfit for domestic purposes; that deleterious and unwholesome chemicals and sediments have been deposited upon plaintiff's land, thereby injuring the crops thereon and rendering the same unfit for use; that such mills were constructed for the purpose of continuing permanently to cast said deleterious substances into said stream, and constitute a continuing nuisance to the plaintiff; and that by reason of such facts plaintiff has sustained damages to the amount of $3,000. The relief sought is a permanent injunction against the defendant restraining it from committing the aforesaid acts, and for the recovery of the said sum of $3,000 damages.

A demurrer by plaintiff to the second defense in the amended answer was sustained. The facts therein alleged, however, are by reference thereto incorporated in the fourth and fifth defenses, and are substantially that for more than 50 years many mills, including those of plaintiff referred to in the complaint, have been operated along the said stream above the property of plaintiff, and that during all such period said stream has been used as a common drainage, for said mills, and that by reason of the erection and operation thereof the water of the stream has during all that time been polluted.

The fourth defense is as follows: "For a further and separate defense, but only as a partial defense to the complaint and in mitigation of the alleged damages therein claimed, defendant realleges the matters and things set forth in the foregoing second defense, and alleges that, by reason of the aforesaid use of said creek above the premises alleged to belong to the plaintiff, the water of said creek for more than 50 years before the commencement of this action became changed from primary to secondary uses, and such change has continued during all the period stated."

The fifth defense is as follows: "For a further and separate defense, but only as a partial defense to the complaint and in mitigation of the alleged damages therein claimed, defendant realleges the matters and things set forth in the foregoing second defense, and alleges that the mills and manufactories therein referred to are compelled to and do use said Kayaderosseras creek for drainage purposes. That defendant has invested several hundred thousand dollars on its mills and manufactories located upon said creek above the premises alleged to belong to plaintiff. That defendant's business cannot be conducted, and much of its investment will be lost, if deprived of the use of said creek for drainage. That several hundred persons are now, and for many years past have been, employed in said mills and manufactories, and many thousand dollars per month is paid them for such labor."

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Buchanan, Lawyer & Whalen (Robert E. Whalen, of counsel), for appellant.

D. E. Wing and J. S. L'Amoreaux, for respondent.

COCHRANE, J. All that has been determined in reference to the second defense is that the facts therein alleged are, standing alone, insufficient. We are not, however, precluded from considering those facts in connection with the fourth and fifth defenses, because in these latter defenses such facts are realleged and made a part thereof.

Whether or not we may take judicial cognizance of what was in the pleader's mind in alleging in the fourth defense that the water of the stream has become changed from primary to secondary uses, it may reasonably be inferred from all the facts set forth in this de-

fense that the water of the stream is, and for many years has been, polluted by other mills than those of the plaintiff. If that be so, it is quite clear that this constitutes a partial defense to plaintiff's claim for pecuniary damages. And, if it is good for any purpose as a partial defense, it cannot successfully be attacked by demurrer.

Similarly, we think both the fourth and fifth defenses have a bearing on the question of the nature of the equitable relief which may be granted to plaintiff. In determining that question, surrounding circumstances may be taken into consideration, such as the extent of the injury which plaintiff sustains, the necessity for using the stream by defendant in the manner complained of, the extent to which it is used in the same manner by other parties, the injury which defendant will suffer if an unqualified permanent injunction issues, and the relative injury to the two parties which they will respectively sustain if an injunction be withheld or granted. The circumstances may be such that a court of equity, with its flexible powers, will refuse a permanent injunction on condition that defendant takes appropriate steps to prevent or minimize the pollution of the stream. Strobel v. Kerr Salt Company, 164 N. Y. 303, 323, 58 N. E. 142, 51 L. R. A. 687, 79 Am. St. Rep. 643.

These partial defenses admit the right of plaintiff to a judgment of some kind in his favor. The province of such a defense is to allege facts which, if established, will not destroy the complaint, but will limit or restrict the extent or quality of the relief granted. It is only from that standpoint that such defense may be attacked by a demurrer as insufficient in law, and it is not insufficient as a partial defense when, admitting the cause of action, it alleges facts which may extenuate or modify the severity of the judgment which otherwise might be rendered against the defendant. The only question on demurrer is whether such defense is sufficient for that limited purpose. Code Civ. Proc. § 508. Whether the judgment should in such manner properly be affected depends on the facts as they appear at the trial, and on the relation of the different facts to each other. The trial court also has considerable discretion as to the effect which shall be given to such facts. We are now dealing simply with the question of pleading, and from that standpoint think it was proper for the defendant by this form of defense, which is authorized by section 508 of the Code of Civil Procedure, to inform in advance the court and the opposing party of the facts it would rely on at the trial in seeking to minimize or extenuate the form of judgment which should be rendered. This view of the practice seems also to have been taken in Straus v. American Publishers' Association, 103 App. Div. 277, 92 N. Y. Supp. 1052, although that case went further and decided that such a defense need not be pleaded as a partial, but might be pleaded as an entire, defense —a question which is not here involved.

The interlocutory judgment should be affirmed so far as appealed from, with costs. All concur.