damages as to some of the defendants. Unless a pleading is express-
ly interposed as a partial defense, it must be assumed to be pleaded
as a complete defense, and upon demurrer it must be tested upon that
assumption. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.
Thus tested, this pleading is clearly bad. If all the facts alleged in it
be admitted, they would simply go to the question of damages as to
individual defendants, and would be of no weight whatever to show
that the plaintiff had no right to the equitable relief which he de-
manded against all the defendants, or the relief for damages against
the board of health, but it would only tend to relieve the individual de-
fendants from the judgment for damages against them. For this rea-
son the demurrer to this defense, also, was well taken, and the plain-
tiff should have judgment upon it.

The judgment, therefore, of the special term must be reversed,
with costs, and the demurrer sustained, with costs, with leave to the
defendants to amend their answer as they may be advised, upon pay-
ment of costs. All concur.

---

(21 Misc. Rep. 474.)

### MANASHA v. ROYAL BEN. SOC.

(Supreme Court, Appellate Term. October 28, 1897.)

**1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.**

Upon an appeal from an affirmance by the general term of the city court
of a judgment entered upon a verdict, in considering whether there was any
evidence upon which the jury could find in favor of respondent, all such
evidence as appeared in contradiction must be disregarded.

**2. MALICIOUS PROSECUTION—MALICE IN LAW.**

Where money has come rightfully into an employé's hands, and the em-
ployer, who knows this fact, and who has refused him an opportunity to
account, prefers a charge of larceny against him, the facts are, at the least,
evidence of malice in law.

**3. SAME—LIABILITY OF CORPORATION.**

A corporation may be held liable for malicious prosecution if the wrong
is attributable to it, and is not the mere personal delictum of its representa-
tives.

Appeal from city court of New York, general term.

Action by Abraham Manasha against the Royal Benefit Society.
From a judgment of the general term (46 N. Y. Supp. 1096) affirming
a judgment entered on a verdict in favor of plaintiff, defendant ap-
peals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

James C. De La Mare, for appellant.
Morris Cukor, for respondent.

BISCHOFF, J. Conceding the correctness of the manner in which
the issues were submitted to the jury, the appellant contends that the
plaintiff's proof was insufficient to entitle him to that submission, and
that the denial of the motions for the dismissal of the complaint, as
made when the plaintiff rested, and at the close of all the evidence, was
error. Accordingly, the inquiry is whether there was any evidence
upon which the jury could find in favor of the cause of action alleged,

putting aside such evidence as appeared in contradiction (Kraus v. J. H. Mohlman Co., 18 Misc. Rep. 430, 42 N. Y. Supp. 23), and, from our examination of the record, we are led to say that there was. The plaintiff was employed by the defendant benefit association as a collection agent, and was discharged on the 7th day of September, 1895, after an employment of about one year and a half. His immediate superior was one James H. Howell, who was manager and in exclusive charge of the defendant's "industrial department," his duties including the hiring and discharging of agents and the superintendence of their collections and accounts. His control was so exclusive that the defendant never looked to him for statements of account. At the time of the plaintiff's discharge a certain sum was due him from the defendant for salary, and on the day of his dismissal, but before he was actually dismissed, he had collected $1.30 in the usual course of his duties. When notified by Howell that he was discharged, he stated to the latter that he had made collections that day, and wished to get his salary and to settle his account. He testified that in answer to this "Mr. Howell said I would not get any money, and told me to get out of here." Some days later the plaintiff met Howell upon the street, and was then threatened with arrest unless he should promise to cease soliciting business for some other benefit society from among the defendant's members; and on the 18th of September he was arrested upon a charge of larceny preferred by Howell, the complaining affidavit setting forth the fact that this plaintiff had collected $1.30 on the 7th day of September for premiums due the defendant, that he had failed to return it to the deponent, and that the collection had been made after the plaintiff's discharge from the defendant's employ. At the time of the plaintiff's trial before the court of special sessions, Howell was present, accompanied by one of the defendant's directors, Frantzen, and some other officers of the society, and, after Howell and Frantzen had both testified against the plaintiff in support of the charge as preferred, he was acquitted. Upon this state of facts it seems clear that an action for malicious prosecution could be maintained, and against this defendant as the party chargeable. Taking this evidence as true, there was, of necessity, an absence of probable cause for the arrest, since Howell must have known that the plaintiff became possessed of the money in question when still employed by the defendant, and so authorized to collect it. Not only was the money thus lawfully in the agent's hands not demanded of him, but he was refused an opportunity of rendering an account of it on the day of its collection, and there was, accordingly, no possible reason for attributing to him any criminal intent.

Whether or not there was any malice in fact,—and it appears that there was some proof of such,—the preferment of a charge of larceny under these circumstances was certainly evidence of malice in law. Burhans v. Sanford, 19 Wend. 417; Voltz v. Blackmar, 64 N. Y. 440; Wass v. Stephens, 128 N. Y. 123, 28 N. E. 21; Kolzem v. Railroad Co. (Com. Pl.) 20 N. Y. Supp. 700. That the defendant is a corporation does not affect the fact of its liability for malicious prosecution (Willard v. Holmes, Booth & Haydens, 142 N. Y. 492, 37 N. E. 480), if it be shown that the wrong was attributable to the corporation, and was

not the mere personal delictum of the agent.　Here the individual who caused the arrest—Howell—had exclusive executive authority with regard to the collections made by the agents and touching the state of their accounts; and, since the corporation accepted the results of his management without requiring him to account, the reasonable inference may be drawn that he was expected to fully administer the business of the corporation in this regard, adopting any means for the protection of its assets, thus in his hands, which the corporation itself would have adopted under the same circumstances.　His testimony was that he preferred the charge of larceny against the plaintiff thinking that it would favor the interests of the company; and that, while he had no express authority from the defendant to cause the arrest, he was actuated by no motives of personal malice against the plaintiff. The case appears to come well within the rule as stated in Mott v. Ice Co., 73 N. Y. 547:

"For the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully.　In general terms, if the servant misconducts himself in the course of his employment, his acts are the acts of the master, who must answer for them."

See, also, Lynch v. Railway Co., 90 N. Y. 77, 86.

Moreover, there was evidence from which the jury could have found that Howell's act was ratified by the corporation, since the trial of the charge was conducted in the presence of the defendant's officers, and the charge was sought to be substantiated by the testimony of one of the directors.　Clearly, then, this was no case for a nonsuit.

Exceptions were taken to the admission of evidence of conversations had by the plaintiff with Howell and Frantzen on the day of his discharge from the defendant's employment, and of his conversation with Howell, in the course of which he was threatened with arrest. It appears, however, that all this testimony had a direct bearing upon the questions of malice and of probable cause, and there was unquestionably a sufficient foundation for the admission of the statements of these individuals, so far as elicited, against the defendant.　Examination of the other exceptions taken discloses no error prejudicial to the appellant, and we are satisfied to affirm the judgment.

Judgment affirmed, with costs.　All concur.