interest in the devise and also $700, which would have been payable to the respondents, had they not made the conveyance of their interest in the land. Upon accounting, the executor was surcharged with such $700.

[1-3] The respondents were enabled to convey subject to the execution of the power of sale, which was not affected by the alienation, as the respondents, without the concurrence of the other devisees, could not elect to take the land and so discharge the power of sale. Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. After the execution of the power, the title to the land conveyed by respondents was transferred to the proceeds of sale (Mellen v. Mellen, supra), and the grantee was entitled to the same (Reed v. Underhill, 12 Barb. 113; Matter of Bedell, 67 Misc. Rep. 24, 124 N. Y. Supp. 430). The power was to sell and to divide the proceeds, and the executor was justified in relying upon the recorded deed showing conveyance of the interests to the purchaser. The testimony shows that the respondents, after reading the deeds, executed them to enable their uncle to purchase the land. He may have betrayed their confidence, but the respondents, both adults and intelligent, should not be permitted, as against the executor, to deny the facts of transfer. There is no allegation of fraud in their application to the court, or finding thereof. What, if any, remedy they may have against their uncle, is quite another question, and one that is foreign to this litigation.

The decree, so far as it surcharges the executor, should be reversed; but, so far as it opens and corrects the account concerning the payment to the respondents, it should be affirmed, without costs.

Decree of the Surrogate's Court of Westchester County reversed, in so far as it surcharges the executor; but, in so far as it opens and corrects the account concerning the payment to the respondents, affirmed, without costs. Settle order before Mr. Justice THOMAS.

JENKS, P. J., and STAPLETON and RICH, JJ., concur. BURR, J., not voting.

---

GEORGE F. ROOT CO. v. NEW YORK CENT. & H. R. R. CO. et al.
(No. 6818.)

(Supreme Court, Appellate Division, First Department. February 11, 1915.)

1. SET-OFF AND COUNTERCLAIM (§§ 29, 34*)—WHAT MAY BE.
    Under Code Civ. Proc. § 501, providing that a counterclaim must tend to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff: (1) A cause of action arising out of the contract or transaction set forth in the complaint; (2) in an action on contract, any other cause of action on contract, existing at the commencement of the action—where defendant sets up a counterclaim, on suit to foreclose a mechanic's lien, that it had been damaged by the falling of a roof, due to defective performance by plaintiff of another job, such counterclaim is not good under either subdivision of the statute.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51, 56, 57; Dec. Dig. §§ 29, 34.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MECHANICS' LIENS (§ 272*)—PLEADING—SUFFICIENCY.
   Where a subcontractor sued to foreclose his lien, a demurrer to the separate defense of one defendant, a contractor on the job, was properly sustained, where such defense, though setting up that defendant had a claim against plaintiff on another job for $3,356.30, did not allege that such sum equaled or exceeded the amount due to plaintiff on the job concerned in the suit, nor deny that any balance at all was due from defendant to plaintiff when the lien was filed, nor that such facts were pleaded as a partial defense.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 514–524; Dec. Dig. § 272.*]

3. PLEADING (§ 194*)—DEMURRER TO ANSWER—GROUNDS.
   Where the facts which might constitute a partial defense are not pleaded as such, it is ground for demurrer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444, 445, 446, 449–452; Dec. Dig. § 194.*]

Appeal from Special Term, New York County.

Action by the George F. Root Company against the New York Central & Hudson River Railroad Company and others. From an interlocutory judgment sustaining a demurrer to the separate defense and counterclaim contained in its amended answer, defendant John E. Peirce Company appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Thomas J. Blake, of New York City, for appellant.
Louis B. Williams, of New York City, for respondent.

DOWLING, J. The action is brought to foreclose a mechanic's lien for services rendered and materials furnished on certain premises known as the "Y. M. C. A. Building" then being erected on land owned by the defendant railroad company at Park avenue, between Forty-Ninth and Fiftieth streets, in the city of New York. The John Peirce Company is the general contractor with the owner for the erection of said building, and as such contractor, with the knowledge and consent of the owner, it entered into a contract with the defendant John C. Landeen, by the terms of which Landeen was to furnish and install certain plastering, corner bead, metal furring, and lathing necessary for the completion of said building. Thereafter Landeen, the subcontractor, with the knowledge and consent of the owner and the contractor, entered into an agreement with the plaintiff in May, 1913, for the furnishing and installation of metal furring, lathing, and corner beading necessary for the completion of said premises, and also necessary for the completion of the contracts between the contractor and Landeen, and between the contractor and the owner. Plaintiff entered upon the performance of its contract with Landeen, and with the knowledge and consent of the owner and the contractor fully performed the same, and with like knowledge and consent, and at the request of Landeen, performed certain extra work; the total value of all the work done and materials furnished being $4,719.04, of which $2,700 has been paid on account. At the time of the filing of plaintiff's lien the contractor had duly performed all the conditions of its contract

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the owner, and was entitled to a payment on account of said contract in an amount far in excess of the plaintiff's lien. Landeen, the subcontractor, had also performed all the conditions of his contract with the contractor, and had performed certain extra work on the same premises, and was entitled to receive from said Peirce Company an amount in excess of plaintiff's lien. The lien was duly filed, and copies thereof served on the owner and the contractor. All these facts are set forth in the complaint.

To the foregoing the defendant Peirce Company answered, denying that there was, at the time of the commencement of this action and the filing of the lien, due and unpaid to Landeen from the Peirce Company "a sum far in excess of the amount of plaintiff's lien," and also denying that there was due to the Peirce Company from the owner an amount in excess of the plaintiff's lien. Otherwise, the allegations of the complaint were not denied. The defendant set up as a separate and distinct defense that in October, 1908, it had entered into an agreement with the owner to construct a cab stand in a section of the Grand Central Station in the city of New York, and that prior to September 8, 1913, said contractor entered into an agreement with Landeen whereby the latter was to furnish the materials and do the lathing and plastering on the ceiling of said cab stand in accordance with the plans and specifications of Warren & Wetmore, architects; that at about the same date the plaintiff entered into an agreement with Landeen, whereby the former agreed to furnish and install the necessary metal furring and lathing for the ceiling of said cab stand, and to do the work in accordance with the plans and specifications aforesaid; that Landeen and the plaintiff proceeded to perform the work, but failed and neglected to do the same in accordance with the plans and specifications, as the result of which failure and neglect of the defendant Landeen and the plaintiff the work performed by them was so defective that on or about December 10, 1913, a large part of the ceiling fell down, to the damage of the defendant; that in order to replace the said ceiling, which had fallen through the sole negligence and default of Landeen and the plaintiff, and to make good the damage done to the surrounding premises, upon which the ceiling fell, the defendant was compelled to pay out the sum of $3,356.30. The same facts are then repeated and set up as a counterclaim against any sum which might otherwise be found due to the defendant Landeen from defendant Peirce, and judgment is demanded dismissing the complaint, and that the Peirce Company recover affirmative judgment against the plaintiff and defendant Landeen for the sum of $3,356.30.

[1] First taking up the question of the counterclaim, it is plain that the same is not a proper counterclaim, within the provisions of section 501, Code of Civil Procedure, which provides that a counterclaim—

"must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff: 1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

The counterclaim pleaded does not come within the first subdivision, because it is not a cause of action arising out of the contract or transaction sued on, but an entirely different contract or transaction. Nor does it come within the second subdivision, for it sets forth no cause of action on contract against the plaintiff. The defendant admits that it had no contractual relationship with the plaintiff. If any cause of action is sought to be set forth therein as against the plaintiff, it is one of negligence, and thus does not come within this subdivision.

The case of Cody v. Turn Verein, 48 App. Div. 279, 64 N. Y. Supp. 219, has no application on the question of whether this counterclaim is a valid one or not, for in that case the counterclaim was asserted by a contractor against a subcontractor for damages sustained for the breach of another contract between them, bringing it within the second subdivision of the Code section, and differentiating it clearly from the case at bar.

[2, 3] The demurrer to the separate defense was properly sustained, because, while it is alleged that by reason of the negligent performance of the work on the ceiling of the cab stand the Peirce Company was damaged in the sum of $3,356.30, there is no allegation that said sum equalled or exceeded the balance on the contract in question for the Y. M. C. A. Building due from the Peirce Company to Landeen, nor does said separate defense contain any denial that there was a balance due from Peirce to Landeen in excess of plaintiff's claim at the time the lien was filed. It therefore is invalid as a complete defense. If it was intended to plead the facts as a partial defense, it should have been so stated, and the failure to state them as such is ground for demurrer. Section 508, Code of Civil Procedure; Bernascheff v. Roeth, 34 Misc. Rep. 588, 70 N. Y. Supp. 369; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144.

The judgment appealed from will therefore be affirmed, with costs. All concur.